■ CHARLENE S. SHRAUGER, Respondent, v ROBERT C. SHRAUGER, Defendant. DOROTHY B. WAGAR, Appellant.—Yesawich, Jr., J.

Dorothy Wagar agreed to represent plaintiff in various matrimonial proceedings which culminated in this divorce action; unfortunately a written retainer agreement had not been entered into. During the course of the long and protracted matrimonial litigation, defendant managed to sell most of his assets, file for bankruptcy and leave the State. At some point a dispute arose between plaintiff and Wagar over the fee arrangement. Supreme Court granted plaintiff's motion for substitution of counsel and held a hearing to determine Wagar's compensation. Plaintiff and Wagar differed markedly as to their recollections of the terms discussed. Plaintiff maintained that Wagar offered to obtain her fee from defendant, that fees were not to be paid from plaintiff's share of the marital property, and that Wagar never mentioned an hourly rate. Wagar testified that they had agreed upon a rate of $75 an hour but that she had assured plaintiff that she "would not look to her for whatever fees might be incurred" but rather "to [defendant] and/or the marital property [she] was able to recover for her". Wagar requested $25,132.50 for fees, $412.55 in disbursements and $1,631.25 in travel fees,

less $500 received. Supreme Court, measuring Wagar's fee on a quantum meruit basis, awarded $7,000 for services and $412.55 for disbursements and ordered a lien placed on the proceeds held by the trustee in bankruptcy in the amount of $6,912.55. Wagar appeals; we affirm.

The determination of reasonable counsel fees is a matter within the sound discretion of the trial court and, absent abuse, that court's determination should be upheld *(see, De-Cabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Matter of Freeman,* 34 NY2d 1, 9-10; *Stevens v Stevens,* 107 AD2d 987, 989). Although the Appellate Division's discretionary authority to award counsel fees and the amount thereof is as broad as that of the trial court *(O'Brien v O'Brien,* 66 NY2d 576, 590), the latter is obviously in a far superior position to judge those factors integral to the fixing of counsel fees such as the time, effort and skill required; the difficulty of the questions presented; the responsibility involved; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation *(see, Matter of Freeman, supra).* Applying these principles to the facts of this case, we are not uneasy about deferring to Supreme Court's assessment of counsel's worth.

Supreme Court properly concluded that Wagar failed to prove the existence of a fee contract fully known and understood by her client *(see, Baye v Grindlinger,* 78 AD2d 690). Furthermore, it is clearly within the court's authority to supervise the charging of legal fees to reflect the quantity and quality of services rendered *(see, Matter of First Natl. Bank v Brower,* 42 NY2d 471, 474). And in arriving at that fee award, unlike an attorney seeking one *(see, Matter of Jackson,* 120 AD2d 309, 315-316, *lv denied* 69 NY2d 608), the trial court is not required to precisely spell out how it weighed the various factors making up the fee allowed.

While Supreme Court acknowledged that counsel had indeed invested considerable time in this action, it noted that some of the time involved typing and unnecessary legal work. The court also observed that the amount requested "far exceeds the fees generally charged in a divorce action" and pointed out that plaintiff's share of marital property was unlikely to exceed the amount held by the bankruptcy trustee. Wagar complains that no award for travel time was made, but this request was discussed by the court and presumably was considered in arriving at the $7,000 award for "services". In sum, it does not appear that Supreme Court abused its discretion in valuing Wagar's services.

Order affirmed, without costs. Weiss, J. P., Yesawich, Jr., and Mercure, JJ., concur.

Mikoll and Harvey, JJ., dissent and vote to modify in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

Supreme Court properly found that there was no agreement as to the fee arrangement between plaintiff and Wagar and, thus, Wagar's fee must be determined on a quantum meruit basis *(see, Jacobson v Sassower,* 66 NY2d 991; *Teichner v W & J Holsteins,* 64 NY2d 977). The fee of $75 per hour set by Wagar and fixed by the court does not appear to be unreasonable in the community. Although the court purported to use a quantum meruit calculation, it did not explain how it arrived at the fee of $7,000 for services and stated that any hourly rate would be meaningless. The court also did not include travel time.

Wagar furnished Supreme Court with a detailed statement of account specifying the services performed, the time expended and her hourly rate, sufficient to determine a reasonable fee *(see, Matter of Jackson,* 120 AD2d 309, 315-316, *lv denied* 69 NY2d 608). However, the court erred in not giving more weight to claimed hours expended. It does not appear that Supreme Court ascertained and removed from consideration hours that were excessive or unjustified. Accordingly, there should be a remittal to Supreme Court to determine the actual number of hours properly attributable to Wagar's legal work on this case and to award fees for travel time.