■ JERRY I. LEFKOWITZ, Respondent, v CAROLINE VAN ESS, Appellant.—In an action to recover counsel fees, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 5, 1988 which, after a nonjury trial, is in favor of the plaintiff and against her in the principal sum of $33,787.54.

Ordered that the judgment is affirmed, with costs.

The plaintiff, who is an attorney, agreed to represent the defendant in connection with numerous matters to which she was a party. After the plaintiff made numerous demands for payment for services rendered, and after the defendant repeatedly failed to make a requested one-third payment of the claimed outstanding balance of $47,287.54, the plaintiff informed her that he might have to move to withdraw as her counsel unless payment were made.

The plaintiff initiated this action when he learned that the defendant had obtained another attorney and paid him a $20,000 retainer. The defendant counterclaimed for $20,000 damages on the grounds of wrongful withdrawal. The court, after a bench trial, credited the plaintiff's records and testimony and awarded him judgment in the principal sum of $33,787.54, plus interest.

The evaluation of what constitutes reasonable counsel fees is a matter within the sound discretion of the trial court (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Shrauger v Shrauger, 146 AD2d 955, 956). The trial court is in a "far superior position to judge those factors integral to the fixing of counsel fees such as the time, effort and skill required" (Shrauger v Shrauger, supra, at 956), and the review of contemporaneous time records (see, Shrauger v Shrauger, supra; Matter of Von Hofe, 145 AD2d 424, 426). Review of the trial transcript and the exhibits in the record demonstrates that the court's determination was a proper exercise of discretion.

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.