■ Hovanec Builders & Developers Corporation, Inc., Appellant, v Robert J. Hines et al., Respondents.—Mikoll, J. Appeals (1) from that part of an order of the Supreme Court (Ellison, J.), entered February 13, 1990 in Tompkins County, which, upon reconsideration, adhered to its prior award of counsel fees to plaintiff, and (2) from that part of an order and judgment of said court, entered March 28, 1990 in Tompkins County, which set forth the amount to be awarded to plaintiff for counsel fees.

On this appeal plaintiff contends that Supreme Court improperly fixed the award of counsel fees at 33⅓% of the amount of the jury award (plus interest) in favor of plaintiff following four days of trial for damages arising out of a breach of a construction contract. We disagree. The construction contract at issue provided in pertinent part that: "Any collection fees, including Contractor's attorneys fee, if it becomes necessary, because of Owner's default or failure to complete his end of this contract in any way, will be paid by the Owner." A breach by defendants allegedly occurred and plaintiff prosecuted this action. A jury found for and awarded plaintiff damages of $24,363.04. This amount was reduced by defendants' prior payment of $18,713 toward the contract. Thus, the amount owed by defendants under the contract was determined to be $5,650.04 plus interest in the sum of $3,098.64.

Plaintiff moved after trial for an award of counsel fees in the sum of $12,549.89. Supreme Court awarded counsel fees to plaintiff but noted that while plaintiff sought damages in its complaint in the sum of $10,899 plus interest, it was actually awarded only $5,650.04 plus interest. The court opined: "Prior to the jury verdict, defendant offered to settle for $6,000.00 when plaintiff was demanding $8,000.00. An award to plaintiff of $12,000.00 for attorneys fees is not reasonable under these circumstances, despite the length of time it took to resolve the conflicting allegations." The court continued: "In this area it has been this Court's experience that reasonable and customary collection fees depending upon the services actually rendered, generally run from 10% to 33⅓% of the amount recovered. Due to the necessity and length of trial in this matter, the upper end of the customary fee is applicable and plaintiff is therefore awarded attorneys fees in the amount of one-third of the amount collected ($5,650.04 plus interest at 1½% per month from January 1, 1987)."

As this court has noted, "The determination of reasonable counsel fees is a matter within the sound discretion of the

trial court and, absent abuse, that court's determination should be upheld" *(Shrauger v Shrauger,* 146 AD2d 955, 956, *appeal dismissed* 74 NY2d 844). Although the Appellate Division has the same discretion to award counsel fees as the trial court, the trial court "is obviously in a far superior position to judge those factors integral to the fixing of counsel fees such as the time, effort and skill required; the difficulty of the questions presented; the responsibility involved; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" *(supra).* Furthermore, the court, in arriving at a fee award, unlike an attorney, is not required to precisely spell out how it weighed the various factors making up the fee allowed *(supra).* Here, it appears that Supreme Court properly considered the applicable factors in determining the award of counsel fees and did not abuse its discretion. Supreme Court found that the fee submitted by plaintiff was unreasonable and made its own determination based on its familiarity with the case, the attorneys, the fee customarily charged in the locality, and the circumstances peculiar to the prosecution and trial of this action.

Contrary to plaintiff's claim in its brief, Supreme Court did not limit the award of counsel fees to one third of the amount of plaintiff's recovery. Rather, other relevant factors, as noted above, were considered by Supreme Court, including the work done and its value. The court did not accept the itemized fee claimed by plaintiff, replacing plaintiff's proposed fee with the court's own calculations based on its own experience of the range of reasonable and customary collection fees in the area.

Orders and judgment affirmed, without costs. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.