■ V. EDWARD CURTIS et al., Appellants, v NUTMEG INSURANCE COMPANY, Respondent. [612 NYS2d 256] —Peters, J. Appeal from an order of the Supreme Court (Torraca, J.), entered June 2, 1993 in Sullivan County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

This declaratory judgment action stems from an action commenced in September 1990 in the United States District Court for the Southern District of New York by Joseph De Falco and others (hereinafter collectively referred to as De Falco) against, among others, a number of public officials in the Town of Delaware, Sullivan County, including plaintiffs. The Federal action arises out of De Falco's dispute with plaintiffs herein and other defendants named in that action over local property tax assessments, construction-related permits and approvals pertaining to the development of a residential community in the Town in which De Falco had an interest. At the time of the Federal action, plaintiffs herein were each officials of the Town—William Dirie was the elected Supervisor of the Town and V. Edward Curtis was the unpaid chairperson of the Town Planning Board.

Three counts of the complaint in the Federal action were directed, in part, against plaintiffs. The first count alleges the extortion of money and property through racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act (hereinafter RICO). The second count alleges civil rights violations. The sixth count seeks the institution of a CPLR article 78 proceeding to compel plaintiffs to fairly and properly consider De Falco's permit applications, construction plans and development project, and to reasonably assess De Falco's property for tax purposes.

At the commencement of the Federal action, the Town was insured under a public entity liability policy by defendant.

The Federal complaint was presented to defendant requesting that it provide a defense to the public officials named in the Federal action. Because defendant concluded that the allegations in the Federal action were based entirely upon a criminal conspiracy to extort, defendant disclaimed any duty to defend or indemnify the public officials. Subsequently, without an affirmation that it had changed its determination, defendant agreed to provide a defense yet denied any responsibility for prior defense costs. Such defense was predicated upon plaintiffs and the other public officials discharging their present counsel and agreeing to be represented by defendant's choice of counsel. All of the public officials except plaintiffs accepted defendant's offer.

In December 1991, plaintiffs commenced this action alleging breach of the subject insurance policy seeking, *inter alia,* a declaration that by reason of defendant's breach they were entitled to retain counsel of their choice at defendant's expense. Plaintiffs moved for partial summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion and granted defendant's cross motion. Plaintiffs appeal.

The duty to defend is exceedingly broad *(Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6) and different from the duty to indemnify *(Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66). The duty to defend shall be found to arise: "whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be * * *. The duty is not contingent on the insurer's ultimate duty to indemnify should the insured be found liable, nor is it material that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions. Rather, the duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased" *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310 [citations omitted]). *(See, Technicon Elecs. Corp. v American Home Assur. Co., supra; Colon v Aetna Life & Cas. Ins. Co., supra,* at 7; *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663.) A party's characterization of the causes of action alleged in a complaint are not controlling. As arbiters of the law, we seek to determine the nature of the claims based upon the facts alleged "and not the conclusions which the pleader draws therefrom" *(County of Columbia v Continental Ins. Co.,* 189 AD2d 391, 394, *lv denied* 82 NY2d

841; *see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153). Consequently, if an insurer seeks to deny coverage based upon a policy exclusion, as here, such insurer bears the heavy burden of showing that the "allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other interpretation" *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325; *accord, Technicon Elecs. Corp. v American Home Assur. Co., supra,* at 73-74).

In analyzing the underlying Federal complaints with specific attention to the terms of the policy at issue here, we note that certain allegations claim civil rights violations. The subject insurance policy covers "errors or omissions injury", defined as: "injury (other than bodily injury, property damage, advertising injury, personal injury, or employee benefits injury) that arises out of an insured's rendering of or failure to render services within the scope of your operations; including but not limited to * * * violation of civil rights." Although defendant contends that plaintiffs are not covered because the policy specifically excludes the conduct alleged in the complaint, we find that the underlying facts are covered by the subject policy. Defendant has failed to sustain its burden of showing that the allegations cast such pleadings solely within the policy exclusions, subject to no other interpretation *(see, Technicon Elecs. Corp. v American Home Assur. Co., supra).* Accordingly, we find that the duty to defend arises as a result of the policy issued by defendant *(see, Avondale Indus. v Travelers Indem. Co.,* 774 F Supp 1416).

In finding that the action has been found to be within the coverage of the policy, we similarly find that defendant must pay plaintiff's defense costs *(see, supra).* Considering defendant's breach of the insurance contract by a refusal to defend at the outset, coupled with the RICO claims which are clearly excluded under the policy, we find that defendant's interest in defending the Federal action is in conflict with plaintiffs' interest. Accordingly, we find that plaintiffs are entitled to a defense by an attorney of their own choosing with all reasonable fees to be paid by defendant *(see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 399).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted, partial summary judgment awarded to plaintiffs and it is declared that defendant is required to defend plaintiffs in the underlying Federal action

and must pay all reasonable fees for separate counsel of plaintiffs' choosing.