■ T.D. HOLDING CORP. et al., Appellants, v EDWARD HANLEY, Individually and as President of the Hotel Employees and Restaurant Employees International Union, AFL-CIO, Respondent. [652 NYS2d 957] —Judgment, Supreme Court, New York County (Stuart Cohen, J.), entered October 24, 1995, granting defendant interest, attorneys' fees and costs in the amount of $220,802.64, unanimously affirmed, without costs.

The note clearly and unambiguously obliged plaintiffs to pay the legal fees and costs incurred in its enforcement and collection. The award, including the disallowance of additional fees, was based upon the trial court's review of the evidence and was a sound exercise of discretion (see, Hovanec Bldrs. & Developers Corp. v Hines, 173 AD2d 951).

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur— Williams, J. P., Tom, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANESSA HARVEY, Appellant. [652 NYS2d 960] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered December 9, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Questions of credibility were properly presented to the jury and we see no reason to disturb its findings (People v Gaimari, 176 NY 84).

Defendant was properly sentenced as a second felony offender, having failed to establish that her Pennsylvania conviction was unconstitutionally obtained (see, People v Harris, 61 NY2d 9, 15-16). We agree with the sentencing court that defendant's Pennsylvania conviction met the required standard for acceptance of an Alford (North Carolina v Alford, 400 US 25) plea (see, People v Friedman, 39 NY2d 463). Concur— Williams, J. P., Tom, Mazzarelli and Andrias, JJ.