■ RANDY P. HINMAN, Appellant, v JAY's VILLAGE CHEVROLET, INC., Respondent. [657 NYS2d 814] —Carpinello, J. Appeal from that part of a judgment of the Supreme Court (Tait, Jr., J.), entered May 14, 1996 in Madison County, which awarded plaintiff counsel fees.

Following his purchase of a used automobile from defendant, plaintiff commenced this action under General Business Law § 198-b (hereinafter the Lemon Law) seeking damages for defects which rendered the vehicle inoperable. Defendant served an answer to the complaint and, after a jury trial, judgment in the amount of $3,516.80 was awarded in favor of plaintiff. Plaintiff was also awarded reasonable counsel fees in the amount of $2,000, although he requested fees of $31,564.50. Plaintiff appeals from that part of the judgment awarding him counsel fees of $2,000.

Plaintiff argues that Supreme Court abused its discretion in awarding counsel fees of only $2,000 and that it should have awarded an amount equivalent to the value of the actual time spent by his attorney in litigating his case. We disagree. It is well settled that "[t]he determination of reasonable counsel fees is a matter within the sound discretion of the trial court and, absent abuse, that court's determination should be upheld" (*Shrauger v Shrauger*, 146 AD2d 955, 956, *appeal dismissed* 74 NY2d 844; *see, Hovanec Bldrs. & Developers Corp. v Hines*, 173 AD2d 951, 952). The trial court "is obviously in a far superior position to judge those factors integral to the fixing of counsel fees" (*Shrauger v Shrauger, supra*, at 956; *see,*

*Hovanec Bldrs. & Developers Corp. v Hines, supra,* at 952). Such factors include "the time, effort and skill required; the difficulty of the questions presented; the responsibility involved; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (*Shrauger v Shrauger, supra,* at 956; *see, Hovanec Bldrs. & Developers Corp. v Hines, supra,* at 952).

In determining the amount of counsel fees in this case, Supreme Court considered that the case involved a rather routine Lemon Law claim, that counsel was a relatively inexperienced trial attorney, that counsel spent an extraordinary amount of time researching and reviewing the file, that other less expensive alternatives for settling the claim were available to plaintiff and that the property which was the subject of the dispute was only valued at $3,500. In our view, these factors justified Supreme Court's award of reasonable counsel fees in the amount of $2,000 and, therefore, we find no abuse of discretion.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, with costs.