■ Ogletree, Deakins, Nash, Smoak & Stewart, P. C., Appellant, v Albany Steel, Inc., Respondent. [663 NYS2d 313] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.), entered April 11, 1996 in Albany County, upon a decision of the court in favor of plaintiff.

Beginning in 1986, defendant's president, Peter Hess, hired attorney Frank Goldberger, a sole practitioner in the City of Schenectady, Schenectady County, to assist defendant with labor matters involving defendant's employees represented by Local 534 of the International Association of Bridge Structural and Ornamental Ironworkers (hereinafter the union). Toward the end of 1988, some of defendant's employees began circulating a petition to decertify the union as their collective bargaining representative. The union filed unfair labor practices charges with the National Labor Relations Board (hereinafter NLRB). The NLRB complaint alleged, *inter alia*, that defendant refused to bargain in good faith with the union and, through Hess, encouraged the decertification activities by its employees.

In January 1989, Goldberger became a partner in plaintiff. Goldberger met with Hess in early January 1989 to discuss whether to settle or litigate the NLRB complaint. Hess decided to litigate. At another meeting with Goldberger held later in January 1989, Hess, for the first time, met Michael Taylor, a partner in plaintiff's Washington, D.C. office. Eventually, a hearing was held with both Goldberger and Taylor representing defendant. At the conclusion of the hearing, which went against defendant, plaintiff sent defendant a bill dated May 5, 1989 for $54,938.78 in professional services and $4,625.24 in disbursements for a total of $59,563.99. Hess disputed the bill. Plaintiff thereafter performed additional services including the preparation and submission of a posthearing brief and billed defendant an additional $30,500 plus disbursements of $765.93 on March 5, 1990.

Defendant refused to pay the bills and plaintiff commenced this action to recover counsel fees and disbursements in the amount of $90,829.92. The complaint alleged breach of contract, quantum meruit and account stated. Following a non-jury trial, Supreme Court dismissed the causes of action for breach of contract and account stated. The court found that the services performed by plaintiff before the NLRB could reasonably be worth what plaintiff charged. However, the court also found that Goldberger had represented to Hess that the bill for services would be between $15,000 and $20,000, there would be no charge for Taylor's services or expenses, and Goldberger's hourly rate was $150. The court determined that plaintiff recover $30,000 plus interest from the date this action was commenced. Plaintiff appeals.

It is clear that "[t]he determination of reasonable counsel fees is a matter within the sound discretion of the trial court

and, absent abuse, that court's determination should be upheld" (*Shrauger v Shrauger*, 146 AD2d 955, 956, *appeal dismissed* 74 NY2d 844; *see, Matter of Coughlin*, 221 AD2d 676), particularly where, as here, the court's findings are largely premised upon its assessment of the witnesses' credibility (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490; *Gendelman v Presti*, 220 AD2d 820, 821-822).

The amount of compensation to be fixed under the theory of quantum meruit "depends on the court's interpretation of various factors in its determination of the reasonable value of the services rendered" (*Ingber v Sabato*, 229 AD2d 884, 887, *appeal dismissed* 88 NY2d 1064; *see, Smith v Boscov's Dept. Store*, 192 AD2d 949). Such factors generally include the nature of the litigation, the difficulty of the case, the actual time spent, the necessity therefor, the amount of money involved, the results achieved and amounts customarily charged for similar services in the same locality (*see, Smith v Boscov's Dept. Store, supra; Shrauger v Shrauger, supra; Jordan v Freeman*, 40 AD2d 656), as well as the certainty of compensation (*see, Matter of Freeman*, 34 NY2d 1, 9-10; *Shrauger v Shrauger, supra*, at 956). It was the consideration of this last factor which weighed heavily in the decision to limit the amount of plaintiff's recovery. As indicated, Supreme Court found that Hess believed, based upon Goldberger's representation, the fee would be between $15,000 to $20,000 and defendant would not be charged for Taylor's services. Furthermore, although plaintiff's expert witness valued the services at the full amount of the final bill, such testimony, while entitled to weight, was not conclusive on the court which was entitled to "form an independent judgment from the facts and evidence before it" (*McAvoy v Harron*, 26 AD2d 452, 454). Based upon our review of this record, we cannot say that Supreme Court abused its discretion and improperly applied the relevant factors in assessing the reasonable value of plaintiff's services.

Turning to the issue of interest, we reject defendant's categorization that plaintiff's claim is "equitable" and, therefore, any award of interest was discretionary (*see*, CPLR 5001 [a]). Plaintiff's quantum meruit action is essentially an action at law, inasmuch as it seeks money damages in the nature of a breach of contract, "notwithstanding that the rationale underlying such causes of action is fairness and equitable principles in a general rather than legal, sense" (*Hudson View II Assocs. v Gooden*, 222 AD2d 163, 168). Thus, Supreme Court correctly determined that it was required to award interest (*see*, CPLR 5001 [a]).

We do, however, find merit in plaintiff's argument that Supreme Court erred in determining that interest be computed from the date the action was commenced. CPLR 5001 (b) requires that prejudgment interest be computed from the earliest ascertainable date on which the prevailing party's cause of action existed "and if that date cannot be ascertained with precision, the computation shall be from the earliest time at which it may be said the cause of action accrued" (*Govern & McDowell v McDowell & Walker*, 75 AD2d 979, 980). Plaintiff argues that May 5, 1989 is the appropriate date from which to calculate interest since that is when it first demanded payment of $59,563.99 for services rendered in connection with the NLRB hearing. We disagree. The recovery of $30,000 represents professional services rendered under both bills. Under these circumstances, since plaintiff had not completed all of its legal services for defendant on the NLRB matter at the time the May 5, 1989 bill was rendered, it cannot compute interest from that date (*see, Brent v Keelser*, 32 AD2d 804). In our view, the earliest ascertainable date was March 5, 1990, the date of plaintiff's final bill. Accordingly, the judgment should be modified by computing interest on the amount of the total $30,000 recovery from March 5, 1990 to the date of Supreme Court's decision, February 26, 1996.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as computed interest from August 13, 1990 in the sum of $14,977.05; matter remitted to the Supreme Court for a recomputation of interest by the clerk of the court from March 5, 1990 to February 26, 1996; and, as so modified, affirmed.