■ KATHLEEN NELLEGAR, Plaintiff, v DONALD COTE, Defendant. (Action No. 1.) KATHLEEN NELLEGAR, Respondent, v AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant. (Action No. 2.) [680 NYS2d 297] —Graffeo, J. Appeal from an order of the Supreme Court (Donohue, J.), entered March 6, 1998 in Albany County, which granted plaintiff's motion to join action Nos. 1 and 2.

Plaintiff was involved in a motor vehicle accident with defendant Donald Cote in December 1992 and initially brought an action against Cote to recover damages for her injuries. Plaintiff's insurer, defendant Automobile Insurance Company of Hartford, Connecticut (hereinafter Hartford), began paying plaintiff no-fault benefits following the accident; however, plaintiff alleges that in February 1993, Hartford informed her that her continued receipt of benefits would be contingent upon her attendance at a "work hardening" program. When plaintiff perceived that her participation in this program had exacerbated her injuries, she filed a second action against Hartford. Supreme Court granted plaintiff's subsequent motion for a joint trial of both actions (see, CPLR 602 [a]). This appeal by Hartford ensued.

Common issues of fact in the two actions regarding the extent and causes of plaintiff's injuries indicate that their joinder for trial is appropriate (see, Millington v Williams, 250 AD2d 977). The injuries incurred by plaintiff as the result of her accident with Cote in December 1992 are directly connected to the alleged aggravation of those injuries following her participation in the "work hardening" program required by Hartford two months after the accident, as supported by medical evidence submitted by plaintiff on the instant motion (see, McIver v Canning, 204 AD2d 698, 699; Boyman v Bryant, 133 AD2d 802). Hartford, on the other hand, has failed to sustain its burden of demonstrating that a joint trial would severely prejudice its rights (see, McIver v Canning, supra, at 699; see also, Fashion Tanning Co. v D'Errico & Farhart Agency, 105 AD2d 1034, 1035). We conclude that the interests of justice and judicial economy will best be served by a joint trial.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.