■ V. EDWARD CURTIS et al., Appellants, v NUTMEG INSURANCE COMPANY, Respondent. [681 NYS2d 620] —Peters, J. Appeal from a judgment of the Supreme Court (Williams, J.H.O.), entered September 4, 1997 in Sullivan County, which awarded a reduced counsel fee to plaintiffs.

In a prior appeal (204 AD2d 833, lv dismissed 84 NY2d 1027), we found that defendant was obliged to defend and indemnify plaintiffs pursuant to a certain policy of public entity liability insurance against claims in an underlying Federal action. Having found that plaintiffs were entitled to a defense "by an attorney of their own choosing with all reasonable fees to be paid by defendant" (id., at 835), this appeal addresses the reasonableness of such fee.

After a multiday hearing, Supreme Court concluded that the hourly rates billed by plaintiffs' attorneys ($295 and $160) should be reduced and, in an effort to allocate services actually rendered to plaintiffs, reduced the total number of hours billed by 33%. Upon the judgment entered, plaintiffs appeal.

The determination of reasonable counsel fees is a matter within the sound discretion of the trial court and, in the absence of an abuse of discretion, will be upheld (see, Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877; Hinman v Jay's Vil. Chevrolet, 239 AD2d 748; Shrauger v Shrauger, 146 AD2d 955, appeal dismissed 74 NY2d 844). Recognizing that our authority mirrors that of Supreme Court (see, O'Brien v O'Brien, 66 NY2d 576, 590; Shrauger v Shrauger,

*supra*, at 956), we reviewed the testimony pertaining to the integral factors "such as the time, effort and skill required; the difficulty of the questions presented; the responsibility involved; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (*Shrauger v Shrauger, supra*, at 956).

With the burden upon plaintiffs, the paucity of evidence presented proved fatal. Without submitting any expert testimony concerning fees commonly charged, counsel simply submitted a decision rendered by a Federal Magistrate pertaining to a case tried in the same geographic area wherein his hourly billing rate was deemed reasonable. Although counsel contended that the submission of such case, coupled with his testimony confirming that this was the billing rate for other similar insurance companies, should have been sufficient, Supreme Court aptly noted that he neither submitted billings in connection with those cases nor introduced evidence that those were the rates typically charged by lawyers in that area. Our review supports the court's determination as to the weight and credibility to be accorded that evidence and its reduction of the billing rate to $230 per hour for plaintiffs' lead attorney, $140 per hour for all associate attorneys and $60 per hour for paralegals.

As to the apportionment of approximately one third of the legal billings to the noninsured defendants, we again find sufficient record evidence in the form of counsel's admissions and documentary evidence indicating that counsel voluntarily reduced his bills to the noninsured defendants by one third. In light of the painstaking care taken by Supreme Court in analyzing all documents and testimony, we find no basis upon which to conclude that there was an abuse of discretion. For these reasons, we affirm.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.