■ NUTMEG INSURANCE COMPANY, Respondent, v WILLIAM ROSEN, as Town Attorney for the Town of Delaware, et al., Appellants, et al., Defendants. [683 NYS2d 593] —Peters, J. Appeal from a judgment of the Supreme Court (Williams, J.H.O.), entered August 25, 1997 in Sullivan County, which, *inter alia*, awarded counsel fees to defendants.

This appeal arises in the context of a declaratory judgment action originally brought to determine whether plaintiff had the obligation to defend and indemnify defendants in an underlying Federal action pursuant to a policy of public entity

liability insurance. That action was commenced prior to this Court's determination in *Curtis v Nutmeg Ins. Co.* (204 AD2d 833, *lv dismissed* 84 NY2d 1027), where we found that the underlying Federal action fell within the coverage of the policy and that plaintiff had to pay all reasonable defense costs by an outside attorney (*id.*).

After that determination was rendered, defendants moved for summary judgment dismissing this declaratory judgment action and for an award of counsel fees. Due to our determination in *Curtis v Nutmeg Ins. Co.* (*supra*), the motion was granted by Supreme Court by order dated September 18, 1995. Thereafter, the companion case was referred to a Judicial Hearing Officer for a determination of what would constitute reasonable counsel fees and the parties herein stipulated to have the reasonableness of the fee award here determined by that proceeding.

Concerning the challenge to Supreme Court's reduction of counsel's hourly billing rate, we find that for all of the reasons detailed in our decision in *Curtis v Nutmeg Ins. Co.* (256 AD2d 758 [decided herewith]), there exists no error (*see, Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel*, 243 AD2d 877; *Hinman v Jay's Vil. Chevrolet*, 239 AD2d 748; *Shrauger v Shrauger*, 146 AD2d 955, *appeal dismissed* 74 NY2d 844).

As to the denial of plaintiff's request for an award of counsel fees in connection with the fee application itself, again we find no error. Since it is undisputed that the award in this case was determined by the hearing in the companion case and that there exists no basis to recover expenses incurred therein as the insureds were affirmatively prosecuting a claim against the insurer for a determination of their rights under the policy of insurance (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324; *Emery v Capital Mut. Ins. Co.*, 151 AD2d 854, 856), the absence of a showing that additional work was required in connection with this application does not warrant further review.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.