■ Siegal Law Offices, LLC, Appellant, v Jean C. Tulin, Respondent. [820 NYS2d 350]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Spargo, J.), entered August 15, 2005 in Albany County, which granted defendant's cross motion to join this action with another action pending in Saratoga County, and (2) from an order of said court (Sise, J.), entered December 15, 2005 in Saratoga

County, which partially granted plaintiff's motion for summary judgment.

Plaintiff, a law firm, commenced this action in Albany County seeking fees of over $59,000 (including interest) that purportedly accrued from the firm's representation of defendant in a matrimonial matter in Saratoga County. Defendant, proceeding pro se, requested that the action be transferred to the judge in Saratoga County who was presiding over the matrimonial proceedings, which had not yet been completed. Supreme Court, Albany County, granted the transfer to Saratoga County, prompting plaintiff's first appeal. Subsequently, Supreme Court, Saratoga County, determined that the fair and reasonable fees for plaintiff's professional services was $30,000, plus disbursements* paid by plaintiff. Since defendant had previously paid $17,000 in legal fees, the court awarded a judgment of $15,308, plus interest. Plaintiff appealed from such order and we now consider the two appeals together.

We affirm. The pro se litigant's papers were sufficient to place plaintiff on notice that defendant was seeking a change of venue and to have the dispute over legal fees placed before the same judge in which the underlying matrimonial action was still pending. Such decisions are vested within the sound discretion of the trial court (*see generally Gray v Serbalik*, 264 AD2d 934, 935 [1999]; *Nellegar v Cote*, 255 AD2d 821, 821 [1998]; *Matter of Hurst v Board of Educ. for Ithaca City School Dist.*, 242 AD2d 130, 132 [1998], *appeal dismissed* 92 NY2d 914 [1998]), and we find no abuse of discretion in this case.

Plaintiff contends that Supreme Court (Sise, J.) should have awarded the entire amount it sought as counsel fees. We cannot agree. Although the court acknowledged that plaintiff rendered considerable services, it also observed that many tactics employed by plaintiff unnecessarily delayed resolution of issues. Supreme Court was clearly in a "far superior position to judge those factors integral to the fixing of counsel fees" (*Shrauger v Shrauger*, 146 AD2d 955, 956 [1989], *appeal dismissed* 74 NY2d 844 [1989]) and, upon review of the record, we find the award reasonable under the circumstances and well within the court's discretion (*see Hinman v Jay's Vil. Chevrolet*, 239 AD2d 748, 748-749 [1997]).

The remaining arguments have been considered and found unpersuasive.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.

---

* Although disbursements are stated to be $2,358, it appears that this amount includes a typographical error and the correct amount is $2,308.