## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: January 19, 2017        522266
_____

LEHMAN COMMERCIAL PAPER, INC.,
                Respondent,

     v

POINT PROPERTY CO., LLC,             MEMORANDUM AND ORDER
    et al.,
                Appellants,
                et al.,
                Defendant.
_____

Calendar Date: November 17, 2016

Before: Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

_____

     Buchanan Ingersoll & Rooney, New York City (Christopher P. Schueller of counsel), for appellants.

     Menter, Rudin & Trivelpiece, PC, Syracuse (Teresa M. Bennett of counsel), for respondent.

_____

Aarons, J.

     Appeal from an order of the Supreme Court (Ellis, J.), entered September 28, 2015 in Franklin County, which, among other things, granted plaintiff's motion to, among other things, confirm a referee's report of an amount due.

     In July 2007, defendants Point Property Co., LLC and Point Annex Land Co., LLC (hereinafter collectively referred to as defendants) executed a note in favor of Lehman Brothers Holding, Inc. (hereinafter Lehman) in the amount of $12,500,000. The note was secured by a mortgage and encumbered two commercial properties, one located in the Village of Saranac Lake, Franklin

County and the other one in the Town of Harrietstown, Franklin County. Defendants and Lehman also entered into a security agreement that granted Lehman a security interest in various items, including personal property, fixtures and furniture in the mortgaged premises, as well as general intangible items. In May 2011, defendants and Lehman executed a first amendment to the loan agreement, which, among other things, reduced the principal amount due from $12,500,000 to $10,000,000. In December 2011, Lehman assigned its interest to plaintiff.

When defendants failed to make the full payment by the February 1, 2013 maturity date, plaintiff commenced this foreclosure action. Defendants never interposed an answer and, upon plaintiff's motion for an order of reference, Supreme Court appointed a referee to determine the amount due to plaintiff. In his report, the referee computed the amount due under the note as of May 31, 2014 to be $13,713,203.30, of which $11,560,394.97 was secured by the mortgage. Plaintiff moved for, among other things, to confirm the referee's report, a judgment of foreclosure and sale and for an award of counsel fees. Supreme Court granted plaintiff's motion and awarded plaintiff $80,000 in counsel fees. Defendants now appeal.

We conclude that the appeal is moot to the extent that defendants challenge the order as affecting their right to redeem the subject commercial properties. In this regard, defendants assert various errors, which, according to them, artificially inflated the redemption price and precluded them from exercising their right to redeem the subject commercial properties. During the pendency of the appeal, however, the subject commercial properties were sold, thereby extinguishing defendants' right to redeem the properties (see Trustco Bank, Natl. Assn. v Eakin, 256 AD2d 778, 780 [1998]).[1] More critically, once lost, the right to redeem cannot be revived, even by court order (see Kolkunova v Guaranteed Home Mtge. Co., Inc., 43 AD3d 878, 878 [2007]). While

_____

[1] Supreme Court granted defendants an interim stay of the proceedings pending resolution of the appeal. Defendants, however, failed to post an undertaking within the time frame specified by Supreme Court for the stay to remain in effect.

defendants assert that the appeal is not moot to this extent because they are entitled to a vacatur of the foreclosure sale, which, in turn, could implicate their right to restitution (see CPLR 5523), there is no indication in the record that defendants moved either to vacate the judgment of foreclosure and sale or to set aside the foreclosure sale before Supreme Court. Accordingly, because defendants' redemption rights in the subject commercial properties will not be directly affected by a decision of this Court, that aspect of defendants' appeal concerning such redemption rights is moot (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).

Defendants' challenge to the reasonableness of the counsel fee award, however, is not moot (see generally Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 779-780 [2014]).[2]  To that end, we agree with defendants that Supreme Court erred in awarding plaintiff $80,000 in counsel fees in the absence of an evidentiary hearing to determine the reasonableness of the requested fees.  Contrary to plaintiff's assertion and the dissent's characterization, no evidentiary hearing took place. Rather, when the parties appeared at the scheduled proceeding upon Supreme Court's invitation, at most, only a discussion about counsel fees occurred.  The appearance progressed in the nature of an oral argument and did not involve the presentation of evidence or examination of witnesses.  Both parties seemed ready to proceed with an evidentiary hearing, but defendants' counsel ultimately digressed to argue other matters.  Such digressions understandably caused some frustration but, inasmuch as the trial court "exercise[s] supervisory control over all phases of pending actions and proceedings" (Teitelbaum Holdings v Gold, 48 NY2d 51, 54 [1979]), Supreme Court was best situated to restrain defendants' counsel from further digression, to direct him to call a witness and to advise the parties that oral argument would no longer be entertained and that the evidentiary hearing on the issue of counsel fees would commence.

_____

[2]  Defendants only challenge the reasonableness of the counsel fees and not plaintiff's entitlement to them.

While plaintiff's counsel offered to have the counsel fee dispute resolved through testimony or on submission, defendants' counsel voiced his demand to cross-examine plaintiff's counsel regarding the requested counsel fees. Although defendants' counsel did not specifically identify one of the factors involved in assessing the reasonableness of counsel fees as a basis for contesting plaintiff's counsel fee application, he nonetheless argued that he wanted to examine plaintiff's counsel regarding the block billing and vague and redacted time entries on the legal invoices (see Kumble v Windsor Plaza Co., 128 AD2d 425, 426 [1987], lv dismissed 70 NY2d 693 [1987]). Furthermore, when Supreme Court inquired whether defendants' counsel wanted the entire counsel fee application rejected in its entirety, defendants' counsel responded, "I don't see how you can issue a ruling on it in its present form" — an objection directed at the insufficiency of plaintiff's papers. Moreover, plaintiff's counsel stated that he "would have expected that [defendants' counsel] would have had specific objections . . . but I suppose we could hear those on cross-examination."

The parties' appearance, however, concluded without Supreme Court ever hearing testimony from any witnesses. Critically, there is no indication that defendants' counsel explicitly waived his demand to examine opposing counsel or otherwise consented to the resolution of the issue of counsel fees solely on the papers. Under these circumstances, defendants' counsel was never provided with an evidentiary hearing in the first instance. Indeed, at the conclusion of the proceeding, defendants' counsel stated that "if they want those legal fees, they need to get up on the stand and testify, because right now, their invoices don't get it done." Supreme Court noted that "we can keep arguing the same arguments over and over again," but, in light of defendants' counsel's request, it was incumbent upon Supreme Court to direct the parties to commence the evidentiary hearing, as opposed to concluding the appearance.

While a hearing on counsel fees is not required when a determination can be made on the papers alone (see Matter of Claydon, 103 AD3d 1051, 1054 [2013]; cf. Vacation Vil. Homeowners' Assn. v Mordkofsky, 254 AD2d 650, 651 [1998], lv dismissed 93 NY2d 920 [1999], appeal dismissed 94 NY2d 898

[2000]), this is not the case here inasmuch as plaintiff's "affidavit of services rendered . . . fail[ed] to set forth counsel's experience, ability, and reputation, and fail[ed] to detail the prevailing hourly rate for similar legal work in the community" (People's United Bank v Patio Gardens III, LLC, 143 AD3d 689, 691 [2016]).  Furthermore, the itemized legal bills submitted by plaintiff are insufficient to assess the reasonableness of the fees in the absence of proof showing "the necessity of the services rendered, the benefit achieved, the difficulty of the issues involved, or any other of the considerations normally involved in calculating [counsel] fees" (Key Bank of N.Y. v Anton, 241 AD2d 482, 483 [1997]; see Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1287 [2007]; General Motors Acceptance Corp. v FMJ Computer Servs., 277 AD2d 543, 543-544 [2000]).

Notwithstanding Supreme Court's discretion in this realm and the fact that the court awarded plaintiff an amount less than what was sought, before an award of counsel fees may be fixed, "the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (Bankers Fed. Sav. Bank v Off W. Broadway Devs., 224 AD2d 376, 378 [1996]).  In our view, Supreme Court did not have before it sufficient information to summarily determine the reasonableness of the sought counsel fees.  Furthermore, "to permit intelligent review, a court must provide a concise but clear explanation of its reasons for the [counsel] fee award" (Ricciuti v Lombardi, 256 AD2d 892, 893 [1998] [internal quotation marks and citations omitted]).  Although Supreme Court, in its order, recited the necessary factors relevant to determining the reasonableness of counsel fees, it did not provide a clear explanation for its ultimate counsel fee award.  Rather, the $80,000 awarded by Supreme Court appears to derive merely from adding up all of the fees attributable to one of the attorneys who represented plaintiff – i.e., the attorney who submitted the affidavit of services – without regard to the necessary factors used to reach an award of counsel fees and with insufficient information in light of the block billing and vague and redacted time entries in the legal invoices.  Accordingly, given that plaintiff's proof was insufficient for Supreme Court to fix an award of counsel fees on the papers alone and that

defendants were never afforded an opportunity in the first instance to challenge the reasonableness of the requested counsel fees, the matter must be remitted for an evidentiary hearing.

Peters, P.J., Devine and Mulvey, JJ., concur.


Garry, J. (concurring in part and dissenting in part).

I concur with the majority's determination that the aspect of the appeal pertaining to redemption rights is moot, but I respectfully dissent as to the issue of the counsel fee award. I do not agree that the underlying circumstances require remittal for a further hearing, as the record reveals that Supreme Court properly provided for an evidentiary hearing on the issue of counsel fees. At the scheduled hearing, counsel for defendants Point Property Co., LLC and Point Annex Land Co., LLC (hereinafter collectively referred to as defendants) deliberately chose to instead discuss several other issues and to present only oral argument, rather than submitting testimony and evidence. This strategic choice should not now result in a second hearing. I most strongly reject the majority's assertion that "it was incumbent upon Supreme Court to direct the parties to commence" with submission of evidence or testimony at the hearing. These were sophisticated parties in a multimillion dollar dispute; it was certainly not the court's obligation to direct them as to how to proceed upon the hearing date, any more than it was incumbent upon the court to serve subpoenas upon witnesses, prepare documents for submission, or question the witnesses at the hearing. As set forth below, the transcript reveals that the court made every reasonable effort to properly direct counsel. These efforts were met with obfuscation rather than cooperation.

It bears noting at the outset that Supreme Court was fully familiar with the matter, having been engaged throughout the course of the litigation, and was thus well poised to review the request, which was addressed to its discretion (see Shrauger v Shrauger, 146 AD2d 955, 956 [1989], appeal dismissed 74 NY2d 844 [1989]). The court specifically advised the parties in writing that a "hearing on the issue of [counsel] fees" was to be conducted. Prior to this scheduling order, counsel for plaintiff

had submitted a detailed affidavit in support of the fee application, which set forth the contractual basis for the requested award and summarized the activities undertaken on a monthly basis – with the corresponding fees – for services performed over a period of just under two years.  This affidavit was accompanied by approximately 65 pages of detailed time records revealing the tasks performed on particular dates and the duration of each task, as well as who had performed them.

As the hearing commenced, Supreme Court again advised as to the purpose, and asked defendants' counsel "to address any issues in the [counsel] fees request."  In response, counsel instead chose to launch into extensive argument on three issues "other than legal fees."  After a considerable amount of argument, Supreme Court interrupted, reminding counsel that the issue of counsel fees "was the whole purpose of today's hearing." Defendants' counsel called no witnesses and presented no evidence, but did then present oral argument addressed to the fee request, which included expressing his "hope [that] they testify on this, because [he] want[ed] to cross[-]examine them."  The court expressed some confusion, as counsel had not initially made this request; defendants' counsel responded with further argument, ultimately concluding that the fee request should be rejected in its entirety.  Plaintiff's counsel then argued in support of the requested fees, and, in conclusion, offered either to submit testimony in support or, alternatively, to allow the court to render determination upon the submissions.  Defendants' counsel then offered further argument – again on the other topics – without addressing the issue of fees.  The court noted the time that had been spent in the hearing and reiterated, once again, that "today is about [counsel] fees."  Defendants' counsel then asserted that plaintiff's counsel "need[s] to get up on the stand and testify," as "their invoices don't get it done," but, still, failed to call witnesses or offer evidence.  The hearing concluded shortly thereafter.  Supreme Court subsequently issued a decision based upon the well-established discretionary factors that guide such determinations (see Hinman v Jay's Vil. Chevrolet, 239 AD2d 748, 748-749 [1997]), and rendered an award that reduced the requested fee considerably; the sum requested was $119,350, and the sum awarded was $80,000.

Upon review, I cannot find on this record that defendants were deprived of the right to conduct an evidentiary hearing. The time for the hearing was specifically scheduled by Supreme Court, with full and due notice provided. A stenographer was present; all the required elements were fully available. Nonetheless, despite the court's repeated efforts to encourage defendants' counsel to address the issue of counsel fees, he failed to utilize the opportunity for this purpose and instead opted to vigorously pursue other issues. Given the circumstances, counsel's failure to offer evidence upon the scheduled hearing date should not now inure to defendants' benefit (see Bell v White, 112 AD3d 1104, 1105 [2013], lv dismissed 23 NY3d 984 [2014]). I find no abuse of Supreme Court's discretion relative to the award (see Curtis v Nutmeg Ins. Co., 256 AD2d 758, 759 [1998]). Accordingly, I would affirm the award of counsel fees.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court