Garry, J.
(concurring in part and dissenting in part). I concur with the majority’s determination that the aspect of the appeal pertaining to redemption rights is moot, but I respectfully dissent as to the issue of the counsel fee award. I do not agree that the underlying circumstances require remittal for a further hearing, as the record reveals that Supreme Court properly provided for an evidentiary hearing on the issue of counsel fees. At the scheduled hearing, counsel for defendants Point Property Co., LLC and Point Annex Land Co., LLC (hereinafter collectively referred to as defendants) deliberately chose to instead discuss several other issues and to present only oral argument, rather than submitting testimony and evidence. This strategic choice should not now result in a *1197 second hearing. I most strongly reject the majority’s assertion that “it was incumbent upon Supreme Court to direct the parties to commence” with submission of evidence or testimony at the hearing. These were sophisticated parties in a multimillion dollar dispute; it was certainly not the court’s obligation to direct them as to how to proceed upon the hearing date, any more than it was incumbent upon the court to serve subpoenas upon witnesses, prepare documents for submission, or question the witnesses at the hearing. As set forth below, the transcript reveals that the court made every reasonable effort to properly direct counsel. These efforts were met with obfuscation rather than cooperation.
It bears noting at the outset that Supreme Court was fully familiar with the matter, having been engaged throughout the course of the litigation, and was thus well poised to review the request, which was addressed to its discretion (see Shrauger v Shrauger, 146 AD2d 955, 956 [1989], appeal dismissed 74 NY2d 844 [1989]). The court specifically advised the parties in writing that a “hearing on the issue of [counsel] fees” was to be conducted. Prior to this scheduling order, counsel for plaintiff had submitted a detailed affidavit in support of the fee application, which set forth the contractual basis for the requested award and summarized the activities undertaken on a monthly basis — with the corresponding fees — for services performed over a period of just under two years. This affidavit was accompanied by approximately 65 pages of detailed time records revealing the tasks performed on particular dates and the duration of each task, as well as who had performed them.
As the hearing commenced, Supreme Court again advised as to the purpose, and asked defendants’ counsel “to address any issues in the [counsel] fees request.” In response, counsel instead chose to launch into extensive argument on three issues “other than legal fees.” After a considerable amount of argument, Supreme Court interrupted, reminding counsel that the issue of counsel fees “was the whole purpose of today’s hearing.” Defendants’ counsel called no witnesses and presented no evidence, but did then present oral argument addressed to the fee request, which included expressing his “hope [that] they testify on this, because [he] want[ed] to cross[-]examine them.” The court expressed some confusion, as counsel had not initially made this request; defendants’ counsel responded with further argument, ultimately concluding that the fee request should be rejected in its entirety. Plaintiff’s counsel then argued in support of the requested fees, and, in conclusion, offered either to submit testimony in support or, alternatively, to allow the court to *1198 render determination upon the submissions. Defendants’ counsel then offered further argument — again on the other topics— without addressing the issue of fees. The court noted the time that had been spent in the hearing and reiterated, once again, that “today is about [counsel] fees.” Defendants’ counsel then asserted that plaintiff’s counsel “need[s] to get up on the stand and testify,” as “their invoices don’t get it done,” but, still, failed to call witnesses or offer evidence. The hearing concluded shortly thereafter. Supreme Court subsequently issued a decision based upon the well-established discretionary factors that guide such determinations (see Hinman v Jay’s Vil. Chevrolet, 239 AD2d 748, 748-749 [1997]), and rendered an award that reduced the requested fee considerably; the sum requested was $119,350, and the sum awarded was $80,000.
Upon review, I cannot find on this record that defendants were deprived of the right to conduct an evidentiary hearing. The time for the hearing was specifically scheduled by Supreme Court, with full and due notice provided. A stenographer was present; all the required elements were fully available. Nonetheless, despite the court’s repeated efforts to encourage defendants’ counsel to address the issue of counsel fees, he failed to utilize the opportunity for this purpose and instead opted to vigorously pursue other issues. Given the circumstances, counsel’s failure to offer evidence upon the scheduled hearing date should not now inure to defendants’ benefit (see Bell v White, 112 AD3d 1104, 1105 [2013], lv dismissed 23 NY3d 984 [2014]). I find no abuse of Supreme Court’s discretion relative to the award (see Curtis v Nutmeg Ins. Co., 256 AD2d 758, 759 [1998]). Accordingly, I would affirm the award of counsel fees.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.