Estate of Savage v Kredentser (2018 NY Slip Op 08976)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Estate of Savage v Kredentser

2018 NY Slip Op 08976

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

525217

[*1]ESTATE OF JOYCE SAVAGE et al., Appellants,
vDANIEL C. KREDENTSER et al., Defendants, and ST. PETER'S HOSPITAL CENTER OF THE CITY OF ALBANY, INC., et al., Respondents.

Calendar Date: November 14, 2018
Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Savage Law PLLC, New York City (Denise L. Savage of counsel), for appellants.
Maguire Cardona, PC, Albany (Amanda Kuryluk of counsel), for respondents.

MEMORANDUM AND ORDER
Pritzker, J.
Appeal from that part of an order of the Supreme Court (Connolly, J.), entered April 3, 2017 in Albany County, which partially denied plaintiffs' motion for counsel fees.Plaintiffs commenced a medical malpractice action against, among
others, defendants St. Peter's Hospital Center of the City of Albany, Inc. and St. Peter's Nursing and Rehabilitation Center (hereinafter collectively referred to as defendants) as the result of the death of Joyce Savage in March 2013. In the course of this action, plaintiffs filed a motion, pursuant to CPLR 3126, seeking, among other things, sanctions based upon defendants' failure to comply with discovery demands. In an October 2016 decision and order, Supreme Court, among other things, awarded plaintiffs' costs incurred as a result of defendants' failure to comply with discovery demands, including counsel fees and costs associated with the motion. Plaintiffs' counsel subsequently filed an affidavit in support of costs and services, requesting over $250,000 in counsel fees and expenses. Thereafter, Supreme Court ordered that plaintiffs were entitled to just over $8,000 in counsel fees and expenses. Plaintiffs now appeal and we affirm.
Initially, inasmuch as there is no cross appeal, the outcome of this appeal will have no effect on plaintiffs' right to the counsel fees and expenses awarded by Supreme Court; therefore, plaintiffs did not waive their right to appeal by accepting and cashing defendants' checks, totaling just over $8,000, in satisfaction of the court's order (see Williams v Hearburg, 245 AD2d 794, 794-795 [1997], lv denied 91 NY2d 810 [1998]; Roffey v Roffey, 217 AD2d 864, 865 [1995]). Turning to the merits of plaintiffs' argument, a trial court is authorized by CPLR 3126 to fashion an appropriate remedy for a party's failure to cooperate with discovery, and the sanction imposed [*2]is not disturbed in the absence of a clear abuse of discretion (see Green Tree Servicing LLC v Bormann, 157 AD3d 1112, 1113-1114 [2018]; Matter of Scaccia, 66 AD3d 1247, 1250 [2009]). "Although not specifically listed, a monetary sanction, including costs and counsel fees, may be imposed under the statutory language permitting any order that the court finds 'just'" (Matter of John H., 60 AD3d 1168, 1169 [2009], citing Patrick M. Connors, 2013 Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3126 at 474-476). Further, while this Court's discretion to award counsel fees is as broad as that of the trial court, "[Supreme Court] is obviously in a far superior position to judge those factors integral to the fixing of counsel fees" (Shrauger v Shrauger, 146 AD2d 955, 956 [1989], appeal dismissed 74 NY2d 844 [1989]; see Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d 1180, 1183 [2014]).

Despite awarding plaintiffs significantly less in counsel fees and costs than was requested, we do not find an abuse of discretion by Supreme Court [FN1]. The court determined that it was unreasonable to seek reimbursement for litigating issues outside the scope of the court's October 2016 order; "such requested amount does not reflect attorneys' fees and costs associated with [defendants'] and their counsel's failure to diligently supply requested discovery documents, but appears to essentially seek sanctions to recover the fees and costs of litigating the instant action to date." Therefore, the court, in a very thorough and detailed decision, painstakingly calculated the number of hours it found to be reasonable given many factors, including the time and labor required, difficulty of the questions involved and skill required to handle such issues (see Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1035-1036 [2015]); Shrauger v Shrauger, 146 AD2d at 956). The court also reviewed the submitted expenses of plaintiffs' counsel and detailed which expenses would be permitted and which ones would not and why. We also do not find that the court erred in determining that a reasonable hourly fee is $250 rather than the requested $590. In making this determination, the court properly considered the years of experience of plaintiffs' counsel, but "admittedly extremely limited experience in medical malpractice litigation," as well as the fact that plaintiffs' counsel failed to demonstrate that a paying client would pay such a rate rather than hire counsel whose rates were more consistent with those charged locally (see generally Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d at 1035-1036; Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877, 878-879 [1997]; Shrauger v Shrauger, 146 AD2d at 956). Thus, because "[t]he determination of reasonable counsel fees is a matter within the sound discretion of the trial court and, absent abuse, that court's determination should be upheld" (Shrauger v Shrauger, 146 AD2d at 956; see Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d at 878-879), we do not find that Supreme Court erred in its discretionary determination of reasonable counsel fees.
Devine, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.
Footnotes

Footnote 1: Plaintiffs' counsel first sought recoupment of 410.6 hours at $590 per hour, for a total of $242,254. Plaintiffs' counsel subsequently filed a second affirmation seeking $245,853 in counsel fees. Ultimately, Supreme Court permitted plaintiffs' counsel to recoup 30.1 hours at the rate of $250 per hour. Also, plaintiffs' counsel sought recoupment of approximately $22,000 in expenses, only $521.81 of which the court allowed.