■ In the Matter of the Claim of MARGUERITE EVANS, Respondent, v. J. W. MAYS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which denied a review of an award made by the Referee. The award followed the board's finding that claimant's accident arose out of and in the course of employment upon a prior determination which reversed a disallowance. Claimant was employed as an adjustment clerk in a department store located in a shopping center and customarily drove to work and parked in the large parking lot adjacent to the shopping center. She parked in the rear of the lot in accordance with the employer's instructions in order to facilitate customer parking near the store. On December 14, 1962 the claimant parked her car as usual, and while walking to the entrance maintained by the employer for the employees she slipped on ice and fell sustaining a fractured right wrist. There is some dispute as to whether claimant fell in the parking lot or within close proximity to the employer's entrance. The board found the parking facilities were a convenience to the employer and employees as well as for the convenience of customers and that the use of the parking area by the employees furthered

the employer's interests. Appellants mistakenly contend that the board "tacitly" found that the accident occurred in a municipal parking lot and argue that claimant had not yet attached herself to her employment. We do not agree. There is substantial evidence in the record before us to support the board's determination that the accident arose out of and in the course of employment. Regardless of where exactly claimant fell it is a question of fact whether the accident happened as an incident and risk of employment (*Matter of Rosenwasser* v. *Lanes Lake Success*, 9 A D 2d 1001; *Matter of Brienza* v. *Le Chase Constr. Corp.*, 17 A D 2d 83). The board cited *Matter of Berry* v. *B. Gertz Inc.* (21 A D 2d 708) and we believe it to be controlling upon the instant record and the findings of the board. At most there is presented a factual issue concerning where the accident took place and the determination of the board is amply supported by the record. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.