## (January 15, 1970)

■ METRO SICKTISH, Respondent, v. VULCAN INDUSTRIES OF BUFFALO, INC., Appellant.— Order unanimously reversed on the law, without costs, motion granted and complaint dismissed. Memorandum: Defendant Vulcan appeals

from an order of the Supreme Court at Special Term which denied its motion for judgment dismissing the complaint for failure to state a cause of action and for lack of jurisdiction of the subject of the action (CPLR 3211, subd. [a], pars. 2, 7), which is brought in negligence to recover for personal injuries sustained when plaintiff an employee of Vulcan, was preparing to leave the building where he worked. Dismissal was sought on proof which supports a defense that plaintiff's exclusive remedy is his right to workmen's compensation. (Workmen's Compensation Law, §§ 11, 26-a, subd. 1). We are unable to agree with plaintiff's contention that the injuries were not work related and that the accident did not arise out of and in the course of employment. The course of employment is not limited to the actual production of goods or the running of machines nor is it confined to the exact hours of work (*Rozelle* v. *Robertson,* 29 A D 2d 589; *Roberts* v. *Gagnon,* 1 A D 2d 297). While on the employer's premises, going to or coming from work is generally considered an incident of the employment. (1 Larson, Workmen's Compensation Law, § 15.11.) The situs of the accident in this case was clearly within the precincts of the employment and we must follow the well-established principle that an employee is entitled to safe egress from the premises (*Matter of McGrath* v. *Chautauqua County Home,* 31 A D 2d 557; *Matter of Scheper* v. *Board of Educ., Union Free School Dist. No. 2,* 27 A D 2d 612, mot. for lv. to app. den. 19 N Y 2d 579; *Matter of Leatham* v. *Thurston & Braidich,* 264 App. Div. 449, affd. 289 N. Y. 804). To bring an accident within the exclusive jurisdiction of the Workmen's Compensation Law, it is sufficient if the accident arises logically out of the employment and the hazards of the way in and way out are part of the employment. It follows that plaintiff's remedy is under the Workmen's Compensation Law. (Appeal from order of Erie Special Term denying motion to dismiss complaint in negligence action.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Bastow, JJ.