██ In the Matter of the Claim of Isidro Vargas, Respondent, v Highwall Metal & Spinning & Stamping Co., Inc., et al., Appellants. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed September 3, 1976, which found that claimant's accidental injury arose out of and in the course of his employment and awarded him benefits. Claimant, a machine operator, was employed in a building which had two entrances, one leading to the office and the other leading to the factory. These entrances were on the same street and the employer testified that they were approximately 90 feet apart. On December 17, 1973, claimant finished his day's work and left through the factory door. He walked several feet on the sidewalk in front of the building until he allegedly slipped on the snow-covered sidewalk in front of the office door and injured his left hand. The board found that the employer had a statutory duty to keep the sidewalk free from snow; that the employer was required to provide properly maintained ingress and egress areas for employees; that claimant fell on some ice or snow on the sidewalk directly in front of the employer's premises; and that the fall occurred within the precincts of his employment constituting an accidental injury arising out of and in the course of his employment. On this appeal, appellants contend that the accident did not arise out of or in the course of claimant's employment. Section 755 (3)-2.0 of the Administrative Code of the City of New York requires a lessee or occupant of a building abutting upon a street where the sidewalk is paved to remove snow and ice from the sidewalk within four hours after the snow ceases to fall. Claimant's employer leased and occupied the building in which he worked. Although the lease contained no provision requiring the employer to remove snow and ice from the sidewalk in front of the building, the employer was under a statutory duty to remove the snow and ice. The employer testified that any time there was snow and ice on the sidewalk porters were sent out by the employer to clean the sidewalks. Considering the statutory duty imposed on the employer to remove snow and ice from the sidewalk in front of the building, the customary practice of the employer of removing the snow and ice, and the fact that the claimant's fall occurred in front of the office door of the building in which he worked, this court is of the opinion that the board could properly find that claimant's accident did arise out of and in the course of his employment (see *Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140; *Matter of Starace v International Term. Operating Co.,* 39 AD2d 613). We find without merit appellants' argument that there is no substantial evidence to support the board's finding that there was snow or ice on the sidewalk when claimant was injured. The decision, therefore, must be

affirmed. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.