■ In the Matter of the Claim of DONNA K. KNAPP, Appellant, v VESTAL CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [668 NYS2d 718] —Crew III, J. Appeals (1) from a decision and two amended decisions of the Workers' Compensation Board, filed December 28, 1994, February 9, 1996 and May 10, 1996, which, *inter alia*, ruled that claimant did not sustain a causally related disability and denied her claim for workers' compensation benefits, and (2) from a decision of the Board, filed July 18, 1996, which denied claimant's application for full Board review.

Claimant, a music teacher, began her employment with Vestal Central School District (hereinafter the District) in 1965. Insofar as is relevant to this appeal, claimant taught at the District's African Road School from 1971 to 1979 and again beginning in 1984.[1] According to claimant, her health began to deteriorate after working in that school for one year, with her primary complaint being persistent fatigue. Claimant sought treatment in 1988, at which point she apparently was experi-

---

1. The last day that claimant physically worked at the school is not clear from the record, although it appears that claimant ceased working there sometime in 1988 or 1989.

encing, *inter alia*, aches and pains, headaches and memory and hearing loss. Although claimant initially was diagnosed as suffering from "sick building syndrome", that diagnosis subsequently was revised to "multiple chemical sensitivity".

Contending that the African Road School was a sick building and, ultimately, the cause of her multiple chemical sensitivity, claimant sought workers' compensation benefits. At the conclusion of the hearing that followed, at which claimant, her then-treating physician and various witnesses on behalf of the District appeared and testified, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded, *inter alia*, that claimant had failed to establish that she had been exposed to any type of chemical at the school sufficient to trigger the development of multiple chemical sensitivity. Claimant thereafter sought administrative review and, by decision filed December 28, 1994, a three-member panel of the Workers' Compensation Board affirmed the WCLJ's decision, finding that "no evidence was presented to support a recognizable link between claimant's multiple chemical sensitivity and her occupation as a teacher". This decision subsequently was amended by decisions filed February 9, 1996 and May 10, 1996. Specifically, in the February 9, 1996 amended decision, a Board panel found that a report authored by Warren Silverman, a physician who evaluated claimant on behalf of the District, should be received into evidence in the interest of justice and, further, that the record failed to demonstrate the existence of any "unusual workplace hazard cognizable under the Workers' Compensation Law to support a claim for an accidental injury due to a hazardous exposure". The Board panel made similar findings in its May 10, 1996 amended decision, again affirming the disallowance of the underlying claim. Claimant's application for full Board review was denied and these appeals ensued.

Initially, we reject claimant's contention that the Board panel erred in admitting Silverman's report into evidence. Where, as here, a claimant is examined at the request of the employer or the carrier, the examining physician's report is to be filed within 10 days of such examination (12 NYCRR 300.2 [b]). The failure to file the subject report within the 10-day period, however, may be excused "for good cause shown or in the interest of justice" (12 NYCRR 300.2 [e]). Given the brief delay that occurred here, we cannot say that the Board panels erred in

concluding that Silverman's report should be accepted into evidence in the interest of justice.[2]

Similarly unpersuasive is claimant's assertion that the Board panels erred in failing to consider alternate theories of compensation, including whether the proof adduced at the hearing would support a claim for accidental injury or occupational disease. As a starting point, our review of the various decisions rendered in this matter reveals that the Board panels indeed did consider alternate theories of compensation. With respect to the specific theories advanced by claimant, we agree that the record as a whole does not support a claim for compensation.

Turning first to the issue of whether claimant sustained an accidental injury, it is well settled that "[a]lthough an accidental injury may accrue gradually over a reasonably definite period of time, a claimant must still establish unusual environmental conditions or events assignable to something extraordinary which caused an accidental injury" (*Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020; *see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136). Additionally, although "the concept of time-definiteness required of an accident can be thought of as applying to either the cause or the result, so that there can be a compensable accident where there is an exposure to a condition over a protracted period during which the victim succumbs to a disease culminating in a relatively sudden collapse" (*Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 135), a claimant still must be able to identify an extraordinary event even if he or she cannot "pinpoint the exact date on which the [event] occurred" (*id.*, at 135; *see, Matter of Rakowski v New York State Dept. of Labor, supra*, at 1020-1021).

Here, as in *Matter of Rakowski v New York State Dept. of Labor* (*supra*), the record fails to demonstrate that claimant suffered any extraordinary event or injury on the dates specified in her application for benefits. Indeed, claimant's own testimony establishes that she had been experiencing fatigue and other related symptoms since approximately 1972, one year after she began working at the African Road School. Under these circumstances, the Board did not err in finding that claimant did not sustain an accidental injury.

---

**2.** In any event, given that the underlying decisions ultimately were based upon deficiencies in claimant's own proof and not the persuasiveness of the employer's conflicting medical evidence, any assertion that claimant was prejudiced by the receipt of this report is lacking in merit.

Nor does the record support claimant's contention that she suffered from an occupational disease. In this regard, although it is not necessary that a claimant demonstrate a correlation between the particular disease alleged and his or her occupation, the claimant still must show a "recognizable link" between the disease and some distinctive feature of his or her employment (*see, Matter of Winn v Hudson Val. Equine Ctr.*, 215 AD2d 920, 921; *Matter of Tinelli v Ken Duncan, Ltd.*, 199 AD2d 567, 568). As the Board panels appropriately observed, claimant's attempt to establish such a link here was significantly hampered by the fact that none of her witnesses could point to a particular chemical or toxin to which she was exposed during the course of her employment as a music teacher that triggered her multiple chemical sensitivity (*compare, Matter of Tinelli v Ken Duncan, Ltd.*, *supra* [expert testimony established link between the claimant's exposure to carcinogenic photographic chemicals and his subsequent development of cancer]). Claimant's theory that the African Road School was a sick building also was undercut by the fact that claimant, by her own admission, experienced similar symptoms in other locations. Thus, based upon our review of the record before us, we cannot say that the Board erred in concluding that claimant failed to meet her burden of establishing a causal relationship between her employment and her disability. Claimant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.