■ In the Matter of JAMES ELLIS, Appellant, v COUNTY OF TOMPKINS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [711 NYS2d 562] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed September 19, 1997, as amended by decision filed September 23, 1999, which ruled that claimant did not sustain an accident or occupational disease arising out of and in the course of his employment.

As in the related case of *Matter of Marks v County of Tompkins* (274 AD2d 764 [decided herewith]), this matter stems from allegations by a County of Tompkins employee that he developed multiple chemical sensitivity as the result of his exposure to airborne chemical contaminants while working in

the "bull pen" section of the Biggs A building. According to claimant, whose application for workers' compensation benefits was heard with several related claims, the alleged poor air quality in the Biggs A building was attributable to an inadequate ventilation system and chemicals emitted from carbonless copy paper, photocopy machines and carpet adhesive. The Workers' Compensation Board denied claimant's application, finding that the evidence presented regarding air quality test results which indicated that the level of airborne contaminants in the Biggs A building was insufficient to cause adverse health effects failed to establish the requisite causal relationship between claimant's multiple chemical sensitivity and the air quality at his workplace. The Board subsequently issued an amended decision resolving all related claims and determining that claimant did not sustain an accident or occupational disease. Claimant now appeals.

Initially, the employer's contention that claimant's application for benefits is time barred by the two-year limitations period imposed by Workers' Compensation Law § 28 was not raised before the Board and is therefore not preserved for our review (*see, Matter of Walker v New Process Gear Div.*, 201 AD2d 768, 769; *Matter of Conn v Kotasek Corp.*, 198 AD2d 600, 602).

Turning to the merits, claimant argues that the Board's findings of no causal relationship and no accidental injury are not supported by substantial evidence. The Board's findings are based upon the same evidence we relied upon to reject these arguments raised on appeal in the related case of *Matter of Marks v County of Tompkins (supra)*. Accordingly, for all of the reasons detailed in our decision in that case, we find that substantial evidence supports the Board's decision (*see generally, Matter of Albany County Airport Auth. [Buhrmaster]*, 265 AD2d 709, 710, *lv denied* 94 NY2d 759; *Nutmeg Ins. Agency v Rosen*, 256 AD2d 759, 760; *see also, Matter of Freitag v New York Times*, 260 AD2d 748, 749; *Matter of Knapp v Vestal Cent. School Dist.*, 247 AD2d 667).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.