■ In the Matter of the Claim of DEBORAH MERCADO, Respondent, v SCHENECTADY CITY SCHOOL DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [804 NYS2d 856]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed July 27, 2004, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment.

Claimant regularly walked to her employment at the employer's elementary school, located approximately 2½ blocks from her home in the City of Schenectady, Schenectady County. The record establishes that the employer's premises include both the elementary school and a middle school located adjacent to each other with a small park separating the two buildings. Claimant asserts that, on December 17, 2002, while walking to work, she slipped and fell on an icy sidewalk located in front of the middle school approximately 200 feet from the entrance to the elementary school. Claimant sustained injuries to her right arm and shoulder and subsequently filed a workers' compensation claim. At the hearing, claimant testified that meetings were sometimes held on that sidewalk and her employer considered children involved in altercations at that location to be fighting on school property. In addition, a witness for the employer testified that the employer maintained the subject sidewalk, "[j]ust like any other property owner." The witness also indicated that the employer included this same sidewalk as part of the area where it banned smoking on school property and, therefore, insisted that employees cross the street to smoke. The Workers' Compensation Board found that the injury occurred on the employer's premises and sustained the claim, concluding that claimant's injuries arose out of and in the course of her employment. This appeal by the employer ensued.

It cannot be disputed that, " '[w]hile on the employer's premises, going to or coming from work is generally considered an incident of the employment' " (*Matter of Arana v Hillside Manor-Nursing Ctr.*, 251 AD2d 715, 716 [1998], quoting *Sicktish v Vulcan Indus. of Buffalo*, 33 AD2d 975, 976 [1970]; *see Matter of Evans v J.W. Mays, Inc.*, 25 AD2d 597, 598 [1966], *lv denied* 17 NY2d 423 [1966]). Here, the record proof supports the Board's finding that "claimant had fallen on the employer's premises" inasmuch as the evidence can be construed as establishing the employer's control of the subject sidewalk (*see Matter of Vargas v Highwall Metal & Spinning & Stamping Co.*, 62 AD2d 1102 [1978]). While there is also proof that would justify a contrary result, since there is substantial evidence supporting the Board's factual finding that claimant fell "within the precincts of [her] employment" (*id.* at 1102), the matter must be affirmed.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.