■ In the Matter of the Claim of CHRISTOPHER PANARELLA, Respondent, v JP HOGAN CORING & SAWING CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [911 NYS2d 502]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed September 1, 2009, which ruled that claimant's injury arose out of and in the course of his employment.

Claimant, a mechanic and operating engineer, was instructed by his supervisor to report to work at 5:00 A.M. in order to expedite the delivery of a piece of equipment to a customer's work site. Upon arriving at 5:00 A.M., claimant discovered that the gates to the equipment yard were locked and he could not locate the person in charge of opening the gates. At this point, claimant contacted his supervisor by telephone and informed him of the situation. His supervisor told claimant that he was en route to the work site but was stopping to buy coffee first. Following continued efforts to find an open gate, claimant attempted to climb the 12-foot fence surrounding the yard. He slipped and fell into the yard, fracturing his wrist. A workers' compensation law judge ruled that claimant's injury arose out of and in the course of his employment and awarded workers' compensation benefits. The Workers' Compensation Board affirmed, prompting this appeal by the employer and its workers' compensation carrier.

We affirm. "To be compensable under the Workers' Compensation Law, an injury must have arisen both out of and in the course of a claimant's employment" (*Matter of McFarland v Lindy's Taxi, Inc.*, 49 AD3d 1111, 1112 [2008] [citations omitted]; *see* Workers' Compensation Law § 10). Further, "[w]hile on the employer's premises, going to or from work is generally considered an incident of employment" (*Sicktish v Vulcan Indus. of Buffalo*, 33 AD2d 975, 976 [1970]; *accord Matter of Mercado v Schenectady City School Dist.*, 24 AD3d 846, 847 [2005]). Here, the record reflects that claimant clearly was injured on the employer's premises as he attempted to access the work site. Accordingly, we agree with the Board that the injury occurred in the course of his employment (*see Matter of Camino v Chappaqua Transp.*, 19 AD3d 856, 856 [2005]).

Insofar as claimant's injury occurred in the course of his employment, he is entitled to the presumption that the injury also arose out of his employment, unless the presumption is successfully rebutted by substantial evidence to the contrary (*see Matter of Marotta v Town & Country Elec., Inc.*, 51 AD3d 1126, 1127 [2008]; *Matter of Gutierrez v Courtyard by Marriott*, 46 AD3d 1241, 1242 [2007]). Initially, there is no support in the record for the employer's contention that claimant was involved in a purely personal act when he climbed the fence. It is

undisputed that claimant's only motivation in climbing the fence was to begin his job duties without further delay given the rush job for the employer's "very large" client. Further, while injuries during the commission of acts specifically forbidden by the employer may be found not to be compensable (*see e.g. Matter of McFarland v Lindy's Taxi, Inc.*, 49 AD3d at 1113; *Matter of Appleberry v Moskowitz*, 50 AD2d 1001, 1002 [1975]), the testimony of claimant's supervisor does not support the conclusion that claimant's actions that day were forbidden. When asked if he had wanted claimant to climb the fence that morning, the supervisor merely replied "not necessarily" and only that he would have preferred that claimant had waited until he arrived with the key. The supervisor further testified that claimant's actions were the result of the assignment being extremely urgent and were in keeping with the employer's culture regarding customer service. Inasmuch as there is no evidence that claimant was engaged in either a personal or a forbidden act, the presumption that his injury arose out of his employment has not been rebutted (*see Matter of Camino v Chappaqua Transp.*, 19 AD3d at 857).

The employer and carrier's remaining contentions, including that the Board applied an incorrect standard of review, have been examined and found to be without merit.

Cardona, P.J., Peters, Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.