In the Matter of the Claim of ILIAS SILIVERDIS, Appellant, v SEA BREEZE SERVICES CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [919 NYS2d 231]—

McCarthy, J.

Claimant worked as a carpenter for the employer and alleged that, on June 27, 2007, while working on the roof of a school construction project, he was struck by a forklift and sustained injuries to his neck, back and left knee. As a result of the alleged accident, claimant applied for workers' compensation benefits and the employer and its workers' compensation carrier controverted the claim. Following several hearings, a workers' compensation law judge ruled that claimant was injured in the course of his employment and established the claim for a work-related back injury. Upon review, the Workers' Compensation Board reversed, finding that claimant was not present at the work site on the day of the alleged accident and denied the claim for benefits. The Board subsequently denied claimant's request for full Board review, and these appeals ensued.

We affirm. Whether an injury has arisen out of and in the course of employment is a factual issue for the Board to resolve and its decision will not be disturbed when supported by substantial evidence (*see Matter of McFarland v Lindy's Taxi, Inc.*, 49 AD3d 1111, 1112 [2008]; *Matter of Mattaldi v Beth Israel Med. Ctr.*, 29 AD3d 1192, 1193 [2006]; *Matter of Smith v Paul Smith's Coll.*, 186 AD2d 320, 320 [1992]). Similarly, the Board is the final arbiter in the resolution of witness credibility and this Court will defer to the Board's assessment of such (*see Matter of Guz v Jewelers Machinist, Inc.*, 71 AD3d 1272, 1272 [2010]; *Matter of Young v Pentax Precision Instrument Corp.*, 57 AD3d 1323, 1325 [2008]). Here, contrary to petitioner's testimony that he was at the job site and was injured on the day in question, the forklift operator and general supervisor for the employer testified that he did not believe that claimant worked that day, he had no recollection of striking anyone with the forklift and there were no reports of accidents on the job site that day. In addition, the union shop steward testified that, according to his records, claimant did not report for work on the day he alleged he was injured and, furthermore, injuries would have been reported to him and he received no such report. Significantly, the shop steward's records indicated that claimant showed up for work on only two days during the relevant pay period—neither of which was June 27, 2007—and the pay stubs submitted by claimant himself indicated that he had only been paid for 16 hours during that same period. As such, we find that substantial evidence supports the Board's decision that claimant's injuries did not arise out of his employment.

Turning to claimant's challenge to the denial of his application for full Board review, our examination is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner (*see Matter of Yarleque v Sally Lou, Inc.*, 73 AD3d 1294, 1294 [2010], *lv dismissed* 15 NY3d 770 [2010]; *Matter of D'Errico v New York City Dept. of Corrections*, 65 AD3d 795, 796 [2009], *appeal dismissed* 13 NY3d 899 [2009]). Here, claimant's application was based upon a handwritten, unverified statement that was alleged to have been written by claimant's coworker who purportedly gave claimant a ride from the job site to obtain medical assistance on the day of the accident. In his request for reconsideration, however, claimant provided no indication of why this information was not available at the time of the hearing (*see* 12 NYCRR 300.13 [g]). Accordingly, we cannot conclude that the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant's application (*see Matter of Green v Kimber Mfg., Inc.*, 59 AD3d 782, 783 [2009], *lv dismissed* 12 NY3d 865 [2009]; *Matter of Hyland v Matarese*, 56 AD3d 841, 844 [2008]).

Claimant's remaining contentions, to the extent not addressed herein, have been reviewed and found to be lacking in merit.

Lahtinen, J.P., Kavanagh and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.