In the Matter of the Claim of JAMES A. NICHOLS, Respondent, v HALE CREEK ASACTC et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [935 NYS2d 915]—

McCarthy, J.

We affirm. Whether an injury has arisen out of and in the course of employment is a factual determination to be made by the Board and its decision will not be disturbed when supported by substantial evidence (*see Matter of Siliverdis v Sea Breeze Servs. Corp.*, 82 AD3d 1459, 1460 [2011]; *Matter of Booth v New York State Dept. of Corrections*, 58 AD3d 1027, 1028 [2009]). Pursuant to Workers' Compensation Law § 10 (1), an injury is not compensable when it is sustained during voluntary participation in an off-duty athletic activity that does not constitute part of an employee's work-related duties, which the carrier contends precludes compensability here. However, the record demonstrates that claimant was given specific direction to improve staff morale, and his encouragement of employee participation in the Olympics and his active role in coaching the volleyball team were in furtherance of that edict. Moreover, claimant's supervisor testified that she evaluated staff morale as part of her assessment of superintendents' leadership ability and that there is an expectation that superintendents be involved with as many facility-related events as possible. As such, we decline to disturb the Board's factual determination that claimant's injury arose out of and in the course of his employment (*see generally Matter of Torre v Logic Tech., Inc.*, 64 AD3d 867, 868 [2009]; *Matter of Diem v Diem & Buerger Ins. Co.*, 146 AD2d 840, 842 [1989]).

Peters, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.