*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                521578
_____

In the Matter of the Claim of
    DONNA SWARTZ,
                    Claimant,

        v

ABSOLUT CENTER FOR NURSING AND          MEMORANDUM AND ORDER
    REHAB et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  April 20, 2016

Before:  Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

                    _____

        Law Offices of Melissa A. Day, PLLC, Amherst (Ellen
Shanahan Becker of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

                    _____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 23, 2014, which ruled that claimant sustained an
accidental injury arising out of and in the course of her
employment.

        Immediately following the end of her shift, claimant was in
the employer's parking lot and tripped on a trailer hitch on her
parked car.  She fell and sustained injuries to her right elbow

and both hands.  Claimant subsequently applied for workers'
compensation benefits.  The employer and its workers'
compensation carrier controverted the claim, and, following a
hearing, a Workers' Compensation Law Judge found that claimant
sustained a work-related injury and awarded benefits.  The
Workers' Compensation Board affirmed, and this appeal ensued.

We affirm.  "To be compensable under the Workers'
Compensation Law, an injury must have arisen both out of and in
the course of a claimant's employment" (Matter of McFarland v
Lindy's Taxi, Inc., 49 AD3d 1111, 1112 [2008] [citations
omitted]; accord Matter of Panarella v JP Hogan Coring & Sawing
Corp., 78 AD3d 1470, 1471 [2010]; see Workers' Compensation Law
§ 10 [1]).  Moreover, "[w]hile on the employer's premises, going
to or coming from work is generally considered an incident of the
employment" (Sicktish v Vulcan Indus. of Buffalo, 33 AD2d 975,
976 [1970]; accord Matter of Panarella v JP Hogan Coring & Sawing
Corp., 78 AD3d at 1471; see Matter of Mercado v Schenectady City
School Dist., 24 AD3d 846, 847 [2005]).

Here, the record reveals that claimant tripped and fell in
the employer's parking lot as she was preparing to leave at the
end of her shift.  Thus, there is substantial evidence in the
record to support the Board's determination that claimant's
injury arose out of and in the course of her employment (see
Matter of Mercado v Schenectady City School Dist., 24 AD3d at
847; Matter of Camino v Chappaqua Transp., 19 AD3d 856, 856-857
[2005]; Matter of Evans v J.W. Mays, Inc., 25 AD2d 597, 598
[1966], lv denied 17 NY2d 423 [1966]).

Lahtinen, J.P., McCarthy, Clark and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court