# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 17, 2016                522903
_____

In the Matter of the Claim of
    JAMES CIULLO,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
GORDON L. SEAMAN INC. et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

John F. Clennan, Ronkonkoma, for appellant.

Lawrence J. Komsky, Hewlett, for Gordon L. Seaman Inc. and another, respondents.

_____

Devine, J.

Appeal from a decision of the Workers' Compensation Board, filed July 3, 2015, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.

On August 22, 2013, claimant purportedly fell from a ladder while working and landed on his feet.  He stated that he told his wife that his back was bothering him due to the fall, but he did not file an incident report with his employer.  According to claimant, this exacerbated his prior back condition and he collapsed at home.  He went to the emergency room and was later

released, but proceeded to go to a job site the next day to deliver blueprints and other materials. The condition eventually required several surgeries and other medical treatment.

On October 15, 2013, claimant filed a claim for workers' compensation benefits. The employer, through its workers' compensation carrier, controverted the claim on the ground that claimant's back injury did not arise out of and in the course of his employment. Following a number of hearings, a Workers' Compensation Law Judge sustained the employer's objection and disallowed the claim. The Workers' Compensation Board affirmed this decision and claimant now appeals.

Initially, it is well settled that, in order for an injury to be compensable, it must arise out of and in the course of employment (see Workers' Compensation Law § 10 [1]; Matter of Maher v NYS Div. of Budget, 72 AD3d 1380, 1381 [2010]). This is a factual issue for the Board to decide, and its determination in this regard will be upheld if supported by substantial evidence (see Matter of Nichols v Hale Cr. ASACTC, 91 AD3d 1010, 1011 [2012]; Matter of Siliverdis v Sea Breeze Servs. Corp., 82 AD3d 1459, 1460 [2011]).

Here, the history recorded in the medical notes taken during claimant's initial visit to the emergency room indicated that his injury was the result of a fall at home. Notably, Brian Morelli, the orthopedic surgeon who performed claimant's emergency laminectomy and treated him thereafter, did not link claimant's back condition to a fall at work until March 2014, and acknowledged that he had earlier represented on a disability benefits form that the condition was not work related. Claimant and his wife testified at the hearing that they informed the employer's project manager soon after claimant was injured that he fell from a ladder at work, but the project manager denied that he was informed of the manner in which claimant injured his back. The manager further stated that, while claimant was in the hospital, he left a voice message inquiring about obtaining workers' compensation benefits and asked the manager "if there was any way that [he] could ma[ke] that happen." The manager responded by telling claimant's wife to file an incident report, which did not occur. No testimony was presented at the hearing

from witnesses who actually observed claimant fall from the ladder and could substantiate his version of events.[1]

In view of the foregoing, it is clear that resolution of the issue at hand turns upon a credibility determination made by the Board, to which we accord considerable deference (see Matter of Siliverdis v Sea Breeze Servs. Corp., 82 AD3d at 1460; Matter of Enriquez v Home Lawn Care & Landscaping, Inc., 77 AD3d 1149, 1151 [2010]). Moreover, although claimant places much emphasis on the presumption of compensability set forth in Workers' Compensation Law § 21, this does not relieve him of the burden of establishing that his injury arose out of and in course of his employment (see Matter of Huggins v Masterclass Masonry, 83 AD3d 1345, 1347 [2011]; Matter of Bond v Suffolk Transp. Serv., 68 AD3d 1341, 1342 [2009]). Given that the record contains substantial evidence to support the Board's finding that claimant's back injury did not arise out of and in the course of his employment, we find no reason to disturb its decision.

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.

---

[1] The testimony of a coworker who allegedly observed the fall was apparently unavailable as he had ceased working for the employer. Although claimant later located this individual and submitted his affidavit for the Board to consider, claimant failed to comply with the regulations governing the disclosure of witnesses (see 12 NYCRR 300.38 [g] [7]) or request an adjournment of the hearing to present his testimony. Therefore, the Board did not err in failing to consider the affidavit.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court