■ In the Matter of the Claim of AGNES XIE, Appellant, v JP MORGAN CHASE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [54 NYS3d 453]—

---

Mulvey, J. Appeal from a decision of the Workers' Compensation Board, filed December 31, 2015, which ruled that claimant did not suffer an injury arising out of and in the course of her employment and denied her claim for workers' compensation benefits.

On September 30, 2013, claimant began working for the employer as a bank executive with duties that required her to spend much of her time on a computer at a work station. According to claimant, she began to experience pain in her neck, back and shoulder due to the placement of the chair and keyboard at the work station, which were not positioned in an ergonomically correct manner. She informed the employer of her discomfort and that her desk needed a keyboard tray, but one was never provided. Claimant's employment was terminated on December 30, 2013.

On March 21, 2014, she filed a claim for workers' compensation benefits for injuries to her shoulder, neck and back allegedly sustained in November 2013 while she was working for the employer.[1] On March 25, 2014 and April 14, 2014, the Workers' Compensation Board issued notices of indexing to the employer and its workers' compensation carrier with respect to claimant's back injury. On May 20, 2014, the Board issued a proposed decision establishing the claim for a work-related injury to claimant's back and indicated that such decision would be final unless objections were filed by June 24, 2014. On May 21, 2014, the carrier filed a subsequent report of injury (SROI-04) with the Board controverting the claim on the ground, among others, that claimant's injuries were not the result of an accident arising out of and in the course of her employment. On June 5, 2014, the Board, sua sponte, rescinded its May 20, 2014 proposed decision and continued the case for a hearing. Following such rescission, claimant filed an objection asserting that the proposed decision should also include injuries to her neck and shoulder.

A number of hearings on the claim were held between July 2014 and March 2015 at which claimant was represented by counsel. At the conclusion of these hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, citing the absence of notice under Workers' Compensa-

---

1. The employer acquired notice of claimant's injuries on February 28, 2014 and filed a first report of injury (FROI-04) with the Workers' Compensation Board on March 11, 2014 that was consistent with the claim.

tion Law § 18, as well as the lack of evidence linking claimant's injuries to her employment. On appeal, a panel of the Board upheld the WCLJ's decision, finding that claimant's injuries were not the result of an accident arising out of and in the course of her employment. This appeal by claimant ensued.

Claimant argues, among other things, that the employer is precluded under Workers' Compensation Law § 25 (2) (b) from asserting that her injuries did not arise out of and in the course of her employment because the carrier did not file its notice of controversy (embodied in the SROI-04) until May 21, 2014, which was more than 25 days after April 14, 2014, the date that the second notice of indexing was filed by the Board. However, inasmuch as claimant raises this argument for the first time on appeal and did not bring it up either before the WCLJ or the Board, we find that it has not been preserved for our review (*see Matter of Ellis v County of Tompkins*, 274 AD2d 766, 767 [2000]; *see also Matter of Huang Sheng Ku v Dana Alexander, Inc.*, 12 AD3d 988, 989 [2004]).

Claimant also contends that the Board erroneously failed to establish her claim for a work-related injury to her back because no objections pursuant to Workers' Compensation Law § 25 (2-b) (f) were made to the Board's May 20, 2014 proposed decision. The record, however, reveals that the Board rescinded this decision sua sponte before any objections were filed.[2] We note that the Board has continuing jurisdiction over matters before it, which includes the power to modify and rescind prior decisions, even sua sponte (*see* Workers' Compensation Law § 123; *Matter of Nikolic v Regent Wall St. Hotel*, 30 AD3d 885, 887 [2006]; *Matter of Mackenzie v Management Recruiters*, 271 AD2d 822, 824-825 [2000], *lv denied* 95 NY2d 768 [2000]). Here, however, claimant did not challenge the propriety of the Board's rescission in the administrative proceedings and does so for the first time on appeal in the connection with her challenge to the Board's failure to rule that she had a compensable back injury. Consequently, we find that this argument has also not been preserved for our review (*see Matter of Maffei v Russin Lbr. Corp.*, 146 AD3d 1207, 1209 [2017]; *Matter of Liberius v New York City Health & Hosps. Corp.*, 129 AD3d 1170, 1171 [2015]).

Claimant further asserts that the WCLJ and the Board erred in failing to consider email records of the employer's facility coordinator that she maintains demonstrates that she notified the employer of her work-related injuries while she was still

---

2. The objection filed by claimant after the proposed decision was rescinded was confined to adding the injuries to her neck and shoulder.

employed, purportedly lending credence to the conclusion that her injuries were the result of an accident arising out of and in the course of her employment. The record discloses that although claimant inquired about these records during a hearing before the WCLJ, she did not, contrary to her claim, make a motion to compel disclosure. Significantly, her counsel did not request the production of these records during the hearings. Nevertheless, after the WCLJ rendered his decision, claimant, acting pro se, forwarded these records to the Board and her counsel also included them with claimant's formal appeal of the WCLJ's decision. Thus, notwithstanding claimant's assertion, the records were before the Board for consideration in connection with the appeal. Furthermore, although the Board specifically declined to consider claimant's pro se amended appeals that were submitted after the filing of her formal appeal, there is no indication that the Board refused to consider the email records.

The email records revealed that the employer's facility coordinator was aware in early December 2013 of problems that claimant was having with her work station and put in a work order requesting the installation of a keyboard tray. Claimant's supervisor essentially acknowledged the content of these records in his testimony before the WCLJ. However, the email records do not indicate that claimant informed the facility coordinator of the specific injuries that she allegedly sustained, and the employer's witnesses stated that they were not notified of such injuries. In the end, the Board's decision denying claimant benefits was based upon its assessment of the credibility of witness testimony, which was well within its purview (see Matter of Siliverdis v Sea Breeze Servs. Corp., 82 AD3d 1459, 1460 [2011]). We have considered claimant's remaining contentions and find them to be unpersuasive.

McCarthy, J.P., Garry, Egan Jr. and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.