Matter of Wallen v Software Communication Sys. Inc. (2018 NY Slip Op 00367)





Matter of Wallen v Software Communication Sys. Inc.


2018 NY Slip Op 00367


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

523631

[*1]In the Matter of the Claim of NOEL O. WALLEN, Appellant,
v
SOFTWARE COMMUNICATION SYSTEMS INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: December 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Noel O. Wallen, New York City, appellant pro se.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Software Communication Systems Inc. and another, respondents.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Teknavo Group Inc. and another, respondents.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an amended decision of the Workers' Compensation Board, filed August 4, 2016, which ruled, among other things, that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant, a software engineer, is the sole shareholder of Software Communications Systems Inc. (hereinafter SCS) and provided programming services to clients referred to SCS by brokers and other third parties. On March 8, 2012, claimant suffered a stroke while in a conference with representatives of the Division of Human Rights regarding a discrimination complaint. As a result, he filed a claim for workers' compensation benefits and represented on the claim form that he was "[e]ngaged in a business meeting" at the time that the stroke occurred. SCS, through its workers' compensation carrier (hereinafter collectively referred to as the carrier), controverted the claim on a number of grounds, and hearings were conducted before a Workers' Compensation Law Judge (hereinafter WCLJ). At the conclusion of these hearings, the WCLJ established the claim for a work-related injury involving an intracerebral hemorrhage and [*2]awarded claimant benefits.
Following the issuance of this decision, the carrier obtained documentation through a Freedom of Information Law request indicating that the meeting that claimant was attending on the date of his stroke involved a discrimination complaint that he had filed against a former employer. Based upon this new evidence, the carrier submitted a supplemental application for review before the Workers' Compensation Board. A panel of the Board found that such documentation should be considered in the interest of justice, rescinded the WCLJ's decision and directed further development of the record to determine if claimant's injury arose out of and in the course of his employment with SCS. Following further hearings, a WCLJ concluded that it did not and disallowed the claim [FN1]. The Board upheld the WCLJ's decision, and this appeal by claimant ensued.
"Initially, it is well settled that, in order for an injury to be compensable, it must arise out of and in the course of employment" (Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1377 [2016] [citations omitted]; see Matter of Swartz v Absolut Ctr. for Nursing & Rehab, 139 AD3d 1292, 1292-1293 [2016]). This is a factual issue for the Board to resolve, and its decision will be upheld if supported by substantial evidence (see Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d at 1377; Matter of Nichols v Hale Cr. ASACTC, 91 AD3d 1010, 1011 [2012]).
Claimant testified that he had the stroke on March 8, 2012 during the course of a stressful meeting with representatives of the Division to resolve a discrimination complaint that he had filed against Tekvano Group Inc., which he described as a client of SCS. He admitted, however, that he had previously been employed by Tekvano, and the employment relationship is substantiated by documentation in the record. Claimant stated that Tekvano terminated his services on July 5, 2011 for discriminatory reasons and this provided the basis for his discrimination complaint, as well as an action for retaliation that he commenced against Tekvano in federal court. Notably, claimant filed the complaint and legal action in his individual capacity, not as a representative of SCS. In view of the foregoing, claimant was clearly engaged — at the time that he had his stroke — in a personal quest to obtain compensation from Tekvano for its alleged discriminatory actions. Although he had ceased working for Tekvano for eight months and was engaged in servicing clients for SCS at this time, his participation in the conference did not involve SCS or inure to its benefit. Moreover, to the extent that claimant testified that he had contact with a potential client of SCS both before and after the conference in an effort to establish a nexus with SCS, his testimony was inconsistent and presented a credibility issue for the Board to resolve (see Matter of Xie v JP Morgan Chase, 150 AD3d 1360, 1363 [2017]; Matter of Albert v Miracle Makers of Bedford Stuyvesant HFDC, Inc., 13 AD3d 925, 926 [2004]). Accordingly, inasmuch as substantial evidence supports the Board's finding that claimant's stroke did not arise out of and in the course of his employment with SCS, we decline to disturb its decision.
To the extent that claimant raises the issue of causation, given claimant's multiple and independent risk factors for a stroke, as well as the record medical evidence and testimony [*3]establishing that the source of his stress on the day in question stemmed from his meeting with the Division and not from any purported meetings with SCS clients, there is insufficient medical evidence to establish a causal relationship between his employment with SCS and his injury (see Matter of Qualls v Bronx Dist. Attorney's Off., 146 AD3d 1213, 1214-1215 [2017], lv denied 29 NY3d 906 [2017]). We have considered claimant's many remaining contentions and find them to be unavailing.
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the amended decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant submitted a pro se application for reconsideration and/or full Board review of this decision that was denied as untimely. Subsequently, however, the Board adopted a resolution granting claimant's application for full Board review and rescinded its decision denying such application.