Matter of Devis v Mountain States Rosen LLC (2018 NY Slip Op 00370)





Matter of Devis v Mountain States Rosen LLC


2018 NY Slip Op 00370


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

524861

[*1]In the Matter of the Claim of HEROLD DEVIS, Appellant,
v
MOUNTAIN STATES ROSEN LLC et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: December 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Polsky Shouldice & Rosen, Rockville Center (Patrick M. Conroy of counsel), for appellant.
William O'Brien, State Insurance Fund, New York City (Janis M. Riekstins of counsel), for Mountain States Rosen LLC and another, respondents.




MEMORANDUM AND ORDER
Aarons
, J.
Appeal from a decision of the Workers' Compensation Board, filed July 6, 2016, which, among other things, ruled that claimant did not sustain an injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits.
On July 15, 2015, claimant, a butcher who worked in the Bronx, met his supervisor around 3:30 a.m. in order to drive to
Pennsylvania for a special assignment of instructing a group of workers on the proper method to cut meat. Following the instructional demonstration, which lasted approximately from 7:15 a.m. until 2:00 p.m., claimant went to the locker room to change his clothes, at which point he suffered an ischemic stroke. Claimant applied for workers' compensation benefits asserting that the ischemic stroke was causally-related to his employment. The employer and its workers' compensation carrier controverted the claim. Following a hearing, the Workers' Compensation Law Judge ruled that there was a causal relationship between claimant's injury and his employment. Upon review, however, the Workers' Compensation Board reversed and disallowed the claim, finding that there was insufficient evidence to establish that claimant's injury arose out of and in the course of his employment. Claimant appeals.
Initially, to the extent that claimant asserts that he was entitled to the presumption of compensability set forth in Workers' Compensation Law § 21, the applicability of such presumption does not completely relieve him of the burden of establishing that his injury arose out of and in course of his employment (see Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1378 [2016]; Matter of Bond v Suffolk Transp. Serv., 68 AD3d 1341, 1342 [2009]). Moreover, "we need not consider the applicability of [this statute] inasmuch as the determination as to causal relationship, or the lack thereof, in this matter was not based upon the presumption contained therein but, instead, upon the medical evidence and testimony adduced as part of the underlying hearing" (Matter of Donato v Taconic Corr. Facility, 143 AD3d 1028, 1029 [2016]).
Turning to the merits, "in order for an injury to be compensable, it must arise out of and in the course of employment" (Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d at 1377). Such factual determination is within the province of the Board and such decision will not be disturbed if supported by substantial evidence (see id. at 1377; Matter of Nichols v Hale Cr. ASACTC, 91 AD3d 1010, 1011 [2012]).
Claimant's medical expert, Lester Ploss, opined that claimant's stroke was causally-related to his employment given that, on the day of his stroke, claimant had a prolonged lack of sleep, was under time constraints to drive to Pennsylvania and performed very arduous labor while teaching a class. The record, however, establishes that on a regular work day, claimant awoke around 2:00 a.m., drove to work in the Bronx and worked from approximately 4:00 a.m. until 1:30 p.m. cutting meat. Although claimant drove to Pennsylvania on the day in question, the record establishes that he worked substantially the same hours as a normal work day. In addition, the general manager testified that the drive to Pennsylvania was divided and included stops along the way. Furthermore, although claimant did not typically teach, the manner of cutting meat was substantially similar to his regular duties in the Bronx, where he did assist others in their technique of cutting meat. Naunihal Singh, a neurologist who reviewed claimant's medical records, opined that claimant's stroke was not related to any aspect of employment but was a direct result of claimant's preexisting medical conditions, including hypertension, cognitive heart failure, cardiomegaly and an irregular heart. The Board's decision was based upon the credibility, or lack thereof, of the medical testimony with regard to the events leading to claimant's stroke. Inasmuch as this Court defers to the credibility determinations of the Board with regard to medical evidence and witness testimony, we find that there is substantial evidence in the record to support the Board's decision that claimant's stroke did not arise out of or in the course of his employment (see Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d at 1378; Matter of Pengal v Chloe Foods Corp., 111 AD3d 1030, 1031 [2013]; Matter of Mayers v Kings County Hosp., 29 AD3d 1239, 1240 [2006]). As such, the Board's decision will not be disturbed.
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.