Matter of Morales v Lopez (2021 NY Slip Op 01461)





Matter of Morales v Lopez


2021 NY Slip Op 01461


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

530939

[*1]In the Matter of the Claim of Steven Morales, Appellant,
v
John Lopez, Respondent, and 271 Realty NY LLC et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 9, 2021

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Elefterakis Elefterakis & Panek, New York City (Brian J. Issac of Pollack, Pollack, Issac & DeCicco, LLP, of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for 271 Realty NY LLC and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed July 24, 2019, which, among other things, disallowed claimant's claim for workers' compensation benefits.
Claimant, a laborer, filed a claim for workers' compensation benefits, alleging that, on August 11, 2017, he had fallen while performing demolition work for the employer and sustained injuries to his left hand, left wrist and left leg. The Workers' Compensation Law Judge (hereafter WCLJ) found claimant's testimony that he sustained injuries while working for the employer to be incredible, as it directly contradicted initial emergency room records, and disallowed the claim. Upon administrative appeal, claimant requested that the Workers' Compensation Board consider additional evidence not presented to the WCLJ. Specifically, claimant sought to introduce a notarized sworn statement of an alleged coworker attesting to the work-related accident. The Board denied claimant's request and affirmed the WCLJ's decision. Claimant appeals.[FN1]
We affirm. Initially, we find no abuse of discretion in the Board's refusal to consider a sworn statement — submitted on administrative appeal but which was not presented before the WCLJ — of an individual who purportedly was with claimant at the time of the alleged work-related accident. The Board found that the reasons proffered for claimant's failure to present such evidence prior to the WCLJ's decision were not credible. As the Board noted, claimant and his counsel were aware — having been told by the WCLJ on multiple occasions — that the accident history in the initial emergency room records conflicted with claimant's subsequent version of the accident as to whether the injuries were work related. Claimant, despite being informed of the inconsistencies, offered no evidence to clarify the discrepancy until after the WCLJ issued a decision. Under the circumstances, we find no reason to disturb the discretionary decision of the Board (see 12 NYCRR 300.13 [b] [1] [iii]; Matter of Hernandez v KNS Bldg. Restoration, Inc., 180 AD3d 1129, 1132 [2020]).
Turning to the merits, "it is well settled that, in order for an injury to be compensable, it must arise out of and in the course of employment" (Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1377 [2016]; see Workers' Compensation Law § 10 [1]). "Whether an injury has arisen out of and in the course of employment is a factual issue for the Board to resolve and its decision will not be disturbed when supported by substantial evidence" (Matter of Siliverdis v Sea Breeze Services Corp., 82 AD3d 1459, 1460 [2011] [citations omitted]).
The medical notes of claimant's initial visit to the emergency room on August 13, 2017 indicate that claimant presented with complaints of pain in his left hand and left wrist as a result of falling on uneven pavement in the street just prior to his arrival at the hospital. Noting that the initial emergency room records indicate that claimant was the [*2]source of the history information provided, we are unpersuaded by claimant's contention that the information in these records, which were never objected to by claimant, were improperly relied upon by the Board. The WCLJ repeatedly noted the inconsistencies in the initial emergency room records and subsequent medical records regarding the nature of the accident causing the injuries and even suggested that claimant produce corrected records. However, claimant made no attempt to clarify or correct any discrepancies in the evidence.
Under the circumstances, "it is clear that resolution of the issue at hand turns upon a credibility determination made by the Board, to which we accord considerable deference" (Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d at 1378; see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1358 [2018]). As we find no basis to disturb the Board's credibility determination, substantial evidence supports the Board's decision to disallow the claim. As such, the Board's decision will not be disturbed. To the extent not specifically addressed, claimant's remaining contentions are without merit.
Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: We note that claimant's notice of appeal refers to an incorrect date of filing of the Board's decision. As there has been no claim of prejudice, we will disregard the error and address the merits of claimant's appeal (see CPLR 5520 [c]).