Matter of Seeber v City of Albany Police Dept. (2021 NY Slip Op 03897)





Matter of Seeber v City of Albany Police Dept.


2021 NY Slip Op 03897


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

532235
[*1]In the Matter of the Claim of Matthew Seeber, Appellant,
v
City of Albany Police Department et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Manes and Manes, Armonk (Mathew T. Keller of counsel), for City of Albany Police Department and another, respondents.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed April 8, 2020, which ruled that the claim for claimant's work-related stress and posttraumatic stress disorder was barred by Workers' Compensation Law § 2 (7).
Claimant, a police officer, responded to a call in March 2019 that resulted in the arrest of three individuals. Several weeks later, claimant was interviewed about the incident as part of an Internal Affairs investigation. The following day, claimant was suspended from his employment and informed that he would receive a written notification of charges. Claimant thereafter sought mental health treatment stemming from the March 2019 incident and his resulting suspension, and subsequently submitted a workers' compensation claim for stress, anxiety and posttraumatic stress disorder. Following a hearing, the Workers' Compensation Law Judge determined that the claim was not compensable as claimant's psychological injury was "a direct consequence of a lawful personnel decision involving a disciplinary action" (see Workers' Compensation Law § 2 [7]). Claimant appealed, contending that the employer's disciplinary action was unlawful. The Workers' Compensation Board affirmed the decision of the Workers' Compensation Law Judge, and this appeal by claimant ensued.
Claimant argues that the Board's decision is not supported by substantial evidence because his suspension does not constitute a disciplinary action or other enumerated personnel action as set forth in Workers' Compensation Law § 2 (7). Claimant's contention, however, is belied by the record as he argued both at the administrative hearing and upon administrative review that his suspension did, in fact, constitute a disciplinary action. Accordingly, to the extent that he now advances a contrary argument for the first time on appeal, said claim is unpreserved for our review (see Matter of Arias v City of New York, 182 AD3d 170, 174 [2020]; Matter of Xie v JP Morgan Chase, 150 AD3d 1360, 1362 [2017]; Matter of Bland v Gellman, Brydges & Schroff, 127 AD3d 1436, 1437 [2013], lv dismissed 26 NY3d 948 [2015]).
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.